■ DONNA MESSINGER, Appellant, v ALFRED FESTA, Defendant, and ROCHESTER GAS AND ELECTRIC CORP., Defendant and Third-Party Plaintiff-Respondent; TOWN OF STERLING, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Isseks, J.), dated June 25, 1984, which granted the motion of the defendant and third-party plaintiff Rochester Gas and Electric Corporation to dismiss her complaint as against it for failure to state a cause of action and (2) a judgment of the same court, dated August 8, 1984, which thereupon dismissed the plaintiff's complaint as against the defendant and third-party plaintiff Rochester Gas and Electric Corporation (hereinafter Rochester Gas).

Appeal from the order dated June 25, 1984 dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

The respondents are awarded one bill of costs.

On September 12, 1981, the plaintiff was severely and permanently injured when the Land Rover in which she was a passenger went over a cliff. At that time, she and the defendant driver, Alfred Festa, were riding in the vehicle on an ascending dirt road while sightseeing on a large undeveloped tract of land owned by Rochester Gas. In dismissing the plaintiff's complaint as against Rochester Gas, Special Term correctly applied the standard set forth in General Obligations Law § 9-103, which applies to the use of motorized vehicles for recreational purposes. "[W]hen a plaintiff is confronted with a defense based on section 9-103, discernment of his or her burden is relatively simple * * * [the] plaintiff must prove that the defendant willfully or maliciously failed to guard or to warn against a dangerous condition, use, structure, or activity. The defendant's negligence, if any, is immaterial" *(Sega v State of New York,* 60 NY2d 183, 192). The plaintiff herein has simply alleged that Rochester Gas, as landowner, was negligent in permitting the defendant Alfred Festa to drive his motor vehicle on a dangerous roadway. Given the application of the statute and the plaintiff's failure to allege a malicious or willful failure to guard or to warn against this allegedly dangerous condition, the complaint was correctly dismissed as against Rochester Gas for failure to state a cause of action. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.