■ LINDA MEYER, Appellant, v COUNTY OF ORANGE et al., Respondents.—In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Isseks, J.), dated January 23, 1985, which granted the defendants' motion for summary judgment dismissing her second amended verified complaint and denied her cross motion to compel further disclosure, and (2) a judgment of the same court, dated April 11, 1985, which dismissed the second amended verified complaint on the merits.

Ordered that the appeal from the order dated January 23, 1985, is dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On January 25, 1982, the plaintiff's decedent, while operating a snowmobile on property owned by the defendant County of Orange, collided with a metal chain which had been suspended across a road by county employees for the purpose of discouraging the entrance of motor vehicles upon the property. It is undisputed that the county had made the property available for the recreational operation of snowmobiles, and that the particular road upon which the collision occurred was occasionally used by snowmobile operators although it was not a snowmobile trail. As a result of the collision with the chain, the plaintiff's decedent died. The plaintiff then commenced this action to recover damages for personal injuries and wrongful death, and Special Term subsequently granted summary judgment in favor of the defendants based on General Obligations Law § 9-103 and dismissed the plaintiff's second amended verified complaint. We now affirm.

At the outset, we note that Special Term properly concluded that General Obligations Law § 9-103 was applicable to the case at bar. That statute exempts landowners who permit their property to be used for certain specified recreational activities from liability for injuries sustained on the property unless, inter alia, there is a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]). In Sega v State of New York (60 NY2d 183), a case which involved the recreational use of State owned forest reserves, the Court of Appeals determined that "[o]n its face, section 9-

103 unambiguously includes public property" *(Sega v State of New York, supra,* p 190). Clearly, then, the 548-acre publicly owned park involved in the case at bar is precisely the type of land contemplated by General Obligations Law § 9-103. Moreover, to the extent that the following cases hold to the contrary, *Bush v Village of Saugerties* (114 AD2d 176), *Ferres v City of New Rochelle* (112 AD2d 918), and *O'Keefe v State of New York* (104 AD2d 43), they are inapposite. Each of these cases involved parks or facilities which were either highly developed or were situated in densely populated urban areas. However, the case at bar, as in *Sega v State of New York (supra),* involves a largely undeveloped tract of land open for recreational use, which is the type of land intended to be protected by the statutory limitation of liability of General Obligations Law § 9-103.

Turning next to the question of whether the defendants' conduct herein constituted a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]), the plaintiff's contention that triable issues of fact exist as to whether the defendants willfully or maliciously failed to properly warn snowmobile operators of the chain which the decedent struck is unpersuasive. While the motion papers indicate that no warning signs were erected in the vicinity of the chain despite the defendants' knowledge that the road was sometimes used by snowmobile operators, the Court of Appeals has held, under markedly similar circumstances, that such a failure to warn, while perhaps negligence, does not rise to the level of a willful or malicious omission *(see, Sega v State of New York, supra).*

Assuming, arguendo, as the plaintiff alleges, that other chains in the area bore warning markers or were removed from the snowmobile trails, and that, after the accident, two county employees admitted that they had failed to remove this particular chain as instructed, we find that these facts merely establish ordinary negligence and are therefore insufficient to impose liability pursuant to the statute *(see, Sega v State of New York, supra; Messinger v Festa,* 117 AD2d 784). In this regard, the record indicates that the chain was erected for a legitimate purpose, that the snowmobile and nature trails were marked with arrows pointing away from the road upon which the collision occurred, that the county employees were unaware of any prior complaints or accidents involving this chain, and that other snowmobile operators had previously observed and circumvented the chain. These facts

militate against a finding that the defendants acted willfully or maliciously by failing to post warnings regarding the chain. Hence, we conclude that Special Term properly granted the motion for summary judgment in favor of the defendants.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Kunzeman and Kooper, JJ., concur.