■ LESTER W. COSSANO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) BETTY J. NELSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.)—In two claims to recover damages for personal injuries, etc., the claimants appeal from two judgments (one as to each of them), of the Court of Claims (McCabe, J.), both dated December 17, 1984, which, after a joint nonjury trial, dismissed their respective claims.

Ordered that the judgments are affirmed, without costs or disbursements.

On August 11, 1979, Richard Gantz escaped from the Downstate Correctional Facility in Fishkill. The appellants alleged that the next day they were held hostage by Gantz, as a result of which they suffered emotional and physical injuries.

In order to establish a prima facie case of negligence, a party must demonstrate, *inter alia,* the breach of a duty owed to him by the alleged tort-feasor *(cf., Solomon v City of New York,* 66 NY2d 1026). It is well settled that public entities are "immune from negligence claims arising out of the performance of their governmental functions, including police protection, unless the injured person establishes a special relationship with the entity, which would create a specific duty to

protect that individual, and the individual relied on the performance of that duty (see *De Long v County of Erie,* 60 NY2d 296, 304; *Florence v Goldberg,* 44 NY2d 189, 195; *Riss v City of New York,* 22 NY2d 579, 583; *Motyka v City of Amsterdam,* 15 NY2d 134, 139; *Bass v City of New York,* 38 AD2d 407, 413, affd * * * 32 NY2d 894)" *(Miller v State of New York,* 62 NY2d 506, 510). The claimants neither pleaded nor proved any special relationship with the State, and were consequently owed no duty by the State *(see, Smith v City of New York,* 122 AD2d 133).

In light of our disposition of this issue, we need not pass upon the appellants' other contentions. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.