■ RONALD HIRSCHLER, Individually and as Parent and Natural Guardian of CHRISTOPHER HIRSCHLER, an Infant, Appellant, v ANCO BUILDERS, INC., et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff commenced this action for personal injuries sustained by the infant plaintiff when a dead tree fell on him while he was bicycling on defendant's property. Upon defendant's motion for summary judgment, the court correctly dismissed the first two causes of action for negligence and nuisance and properly refused to dismiss the fourth cause of action alleging defendant's willful or malicious failure to guard or warn against a dangerous condition on its property. General Obligations Law § 9-103 immunizes owners of "relatively undeveloped" land from liability for injuries to persons entering thereon for any of the activities enumerated in the statute unless such injury resulted from the owner's willful or malicious failure to warn or guard against a dangerous condition (see, *O'Keefe v State of New York,* 104 AD2d 43, 49; *Michalovic v Genesee-Monroe Racing Assn.,* 79 AD2d 82, 86). Because defendant's property is clearly within the embrace of the statute, the negligence and nuisance claims were properly dismissed (see, *Sega v State of New York,* 60 NY2d 183; *Hardy v Gullo,* 118 AD2d 541; *Curtiss v County of Chemung,* 78 AD2d 908). Defendant's property is a parcel of 15 to 20 acres, located in a suburban setting, consisting of wooded wetlands and marshlands upon which it is impossible to build. By agreement between defendant and the town, the property is to be preserved in its natural state. Defendant has never sought to develop it,

maintain it, or use it for any purpose. It is used by neighbors and others for walking, bicycling, and gathering wood. We reject plaintiffs contention that General Obligations Law § 9-103 is inapplicable to defendant's property because of its proximity to an adjacent residential development. The remoteness or proximity of a defendant's property to developed land, while possibly a factor to be considered in the application of the statute, is not controlling. (Appeal from order of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present —Callahan, J P., Doerr, Denman, Pine and Balio, JJ.