■ TIMOTHY T. HOFFMAN, an Infant, by SHEILAH V. HOFFMAN, His Parent, et al., Appellants, v JOSEPH R. WUNDERLICH, INC., Defendant and Third-Party Plaintiff-Respondent. GUPTILL HOLDING CORPORATION, Third-Party Defendant-Respondent.— Casey, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered April 7, 1988 in Albany County, which,

*inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Timothy T. Hoffman (hereinafter plaintiff), then 15 years old, was allegedly seriously injured at about 4:20 P.M. on October 27, 1985 when the motorized trail bike that he was driving on defendant's property went over the edge of a steep incline and fell 40 to 50 feet. As a result, plaintiff claims that he has no recollection of the accident and its happening. The property, located in the Town of Colonie, Albany County, is a 62-acre parcel used partially by defendant as a sand and gravel pit. Open fields with bike trails, corn fields and a wooded area comprise the remainder of the property. At the time of the accident, plaintiff was riding on an established bike trail whose surface was grass and dirt at a place where the terrain is steep. This portion of the property had not been constructed or maintained by defendant and did not constitute an integral part of defendant's business operation.

Where plaintiff was injured was the type of property ordinarily frequented by individuals engaged in the statutory activity of motorbiking as prescribed in General Obligations Law § 9-103. Various homes and an apartment complex are located in the vicinity. Although express permission to use the property for recreational motorbiking had never been given by defendant, children and others had used it for that purpose with the owner's knowledge for over 10 years. So continuous was that use that well-defined bike trails and paths had been created, despite defendant's posting of "no trespassing" signs and its efforts to chase such users off the property when defendant observed them or calling the police to have them removed. The bike that plaintiff was operating was owned by plaintiff's friend's father, who had instructed plaintiff not to operate the bike in the area where the accident happened because the area contained gravel banks and was dangerous. Plaintiff had obtained access to the area by crossing the property of third-party defendant.

As a consequence of his accident, plaintiff alleged three causes of action against defendant. The first cause of action alleged negligence and the second alleged that defendant maintained an inherently dangerous condition and failed to provide warnings, barricades or safeguards. The third cause of action was a derivative claim by plaintiff's mother. Defendant instituted a third-party action, alleging that the third-party defendant was negligent in allowing plaintiff to cross its land to enter defendant's property.

Following joinder of issue, defendant moved to dismiss the

complaint and the causes of action contained therein on the ground that General Obligations Law § 9-103 provided a complete defense to liability. Third-party defendant cross-moved to dismiss the third-party complaint against it. Supreme Court granted both motions, holding that General Obligations Law § 9-103 precluded liability and plaintiffs failed to show any willful or malicious failure to protect or warn against the alleged dangerous condition. Plaintiffs appeal.

Under General Obligations Law § 9-103 (1) (a) an owner of premises, whether or not signs are posted, owes no duty to keep the premises safe for entry or use by others for, *inter alia,* recreational motorized vehicle operation, or to give warning of any hazardous condition on such premises to persons entering for that purpose. "Although the statute is said to protect landowners who 'gratuitously allow' persons to use their property for certain enumerated recreational uses *(see, Sega v State of New York,* 60 NY2d 183, 186), nothing in the statute limits its application to instances where a landowner grants permission to another to enter upon or use his land. To the contrary, the ordinary meaning of the statutory language establishes clearly that it applies with equal force to a landowner who has not given such permission. Thus, the fact that the defendant * * * posted its property, never gave permission for the use thereof and caused trespassers to be ejected does not deprive it of the protection afforded by General Obligations Law § 9-103" *(Hardy v Gullo,* 118 AD2d 541, 542, *lv denied* 69 NY2d 601). Defendant here is not, therefore, to be denied the protection of General Obligations Law § 9-103 because of lack of permission to use its land for motorbiking, or because defendant caused signs to be posted prohibiting such use.

We next examine the suitability of the land for the recreational purpose involved. As we recently had occasion to state, "the applicability of the statute hinges upon the determination of whether, based upon all relevant facts and circumstances, the property is 'of the type that would ordinarily be frequented by sportsmen engaged in the * * * listed activities' " *(Iannotti v Consolidated Rail Corp.,* 137 AD2d 62, 64, quoting *Ferres v City of New Rochelle,* 68 NY2d 446, 453). Clearly this test is satisfied here by the fact that a large part of this property, consisting of 62 open and unimproved acres, has been continually used for recreational motorbiking for over 10 years *(see, Gardner v Owasco Riv. Ry.,* 142 AD2d 61). Unlike the 20-foot right-of-way adjacent to the defendant's property in *Iannotti v Consolidated Rail Corp. (supra),* plain-

tiff here was driving on a path that was not created, kept or maintained by defendant in its commercial enterprise but, rather, it was a well-defined path made by motorbikers and suitable for that recreational activity *(see, Gardner v Owasco Riv. Ry., supra; cf., Iannotti v Consolidated Rail Corp., supra,* at 67). General Obligations Law § 9-103, with its limited liability, is, therefore, applicable, and plaintiffs are required to show defendant's "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]) in order to successfully resist defendant's motion for summary judgment *(see, Sega v State of New York,* 60 NY2d 183, 192, *supra).* This plaintiffs have failed to do, either in their complaint or in their opposing affidavits *(see, Gardner v Owasco Riv. Ry., supra; Messinger v Festa,* 117 AD2d 784). Summary judgment was properly granted to defendant and the cross motion for similar relief was properly granted to third-party defendant. The order of Supreme Court should, therefore, be affirmed.

Order affirmed, with one bill of costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.