OPINION OF THE COURT
Robert G. Hurlbutt, J.
Plaintiff brings this action in negligence, seeking damages for injuries sustained on October 20, 1990 when, while operat *500 ing a four-wheel all-terrain vehicle (ATV) he ran into a cable stretched across the entrance road to defendant’s gravel pit. Following joinder of issue and discovery, defendant has moved for summary judgment on the ground that it is immune from negligence liability pursuant to General Obligations Law § 9-103. That statute provides that an owner of real property "owes no duty to keep the premises safe for entry or use by others for * * * motorized vehicle operation for recreational purposes * * * or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes.” (General Obligations Law § 9-103 [1] [a].)[1] A property owner is liable, when General Obligations Law § 9-103 applies, only for willful or malicious wrongdoing or for negligence in circumstances where permission to use the premises was obtained in exchange for consideration. (General Obligations Law § 9-103 [2] [a], [b].) The apparently novel question presented by this motion is whether a property owner is entitled to the immunity granted by section 9-103 when, although the statute would apply to most of the parcel of land on which plaintiff was injured, it would not apply to the particular area where the injury occurred. Counsel have cited no reported cases, and none have been found, addressing this issue.
Defendant’s property is an irregular-shaped parcel fronting on the south side of Smokey Hollow Road, Lafayette, New York, containing approximately 200 acres. The northerly, and smaller, portion of the property contains defendant’s gravel pit which, according to the affidavit of the corporate defendant’s owner John J. Kinsella, occupies approximately 10 to 15 acres. Adjacent to the gravel pit and to the south and west thereof is a large pond, said to comprise approximately 20 acres. The balance of the property consists of open, wooded and undeveloped land, except for a summer cabin and a driveway running to the cabin from Smokey Hollow Road. Niagara Mohawk Power Corporation owns a 200-to-275-foot-wide strip of land running along the southerly and easterly *501 boundaries of defendant’s property,[2] containing large towers supporting electrical cable. Beneath the towers and cable is a cleared maintenance roadway or path.
On October 20, 1990 plaintiff and a friend drove their ATV’s along the Niagara Mohawk maintenance road until they came to a point opposite defendant’s gravel pit area between defendant’s easterly boundary and the pond. They then rode through the gravel pit area, stopped briefly on a stone or gravel berm, and decided to seek their way back home by proceeding out defendant’s gravel pit entrance road to Smokey Hollow Road. In so doing, plaintiff ran into a cable stretched across the entrance roadway adjacent to a metal storage building and was seriously injured.
General Obligations Law § 9-103 shields from negligence liability a landowner whose property is suitable for one of the recreational purposes listed therein as to a claimant who is engaged in such recreational activity at the time of his or her injury. (Sega v State of New York, 60 NY2d 183; Hirsehler v Anco Bldrs., 126 AD2d 971.) The owner is entitled to the benefit of the statute whether or not permission is granted for the use of the property. (Hoffmann v Wunderlich, 147 AD2d 807; Hardy v Gullo, 118 AD2d 541, lv denied 69 NY2d 601.) The particular purpose for the trip of the motorized vehicle operator is not significant. The statute will apply so long as the motorized vehicle was in use off-road. (Ianotti v Consolidated Rail Corp., 74 NY2d 39, 47; Gardner v Owasco Riv. Ry., 142 AD2d 61, 63-64.)
Since plaintiff here was engaged in an activity listed in section 9-103, his negligence action is barred if defendant’s property comes within its scope. (Sega v State of New York, supra, 60 NY2d 183; Jacobs v Northeastern Indus. Park, 181 AD2d 720; Hoffmann v Wunderlich, supra, 147 AD2d 807.) The statute, however, does not apply universally. Its historic purpose is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities.” (Ferres v City of New Rochelle, 68 NY2d 446, 451.) Thus, section 9-103 is applicable only in instances where a plaintiff is engaged in *502 one of the listed recreational activities, upon property which is suitable and appropriate for that activity. (Ianotti v Consolidated Rail Corp., supra, 74 NY2d 39, 45; Fenton v Consolidated Edison Co., 165 AD2d 121, lv denied 78 NY2d 856.) The determinative question is "whether — notwithstanding its contemporaneous commercial use — the property is the sort which the Legislature would have envisioned as being opened up to the public for recreational activities as a result of the inducement offered in the statute. In other words, is it a type of property which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation? If it is, application of General Obligations Law § 9-103 to such property as an inducement to the owner to make it available to the public would further the statutory purpose.” (Ianotti v Consolidated Rail Corp., supra, 74 NY2d, at 45-46.)
Here, plaintiff does not dispute that the open and wooded areas of defendant’s property are suitable and appropriate for recreational purposes, including ATV operation. Rather, he contends that, since he never traversed the wooded areas of the property, but only entered and was injured upon the gravel pit area, and since that area is not suitable or appropriate to recreational use, defendant should not obtain the benefit of the statute. Defendant’s contention is that since approximately 75% of the land consists of open and wooded areas suitable for recreational purposes, section 9-103 should apply to the whole thereof, and plaintiff’s negligence action should be barred. I conclude that General Obligations Law § 9-103 does not bar plaintiff’s action in negligence. This result is compelled by the historic purpose for the statute and its strict limitation by the Court of Appeals to property which is suitable and appropriate for recreational purposes.
There is no dispute but that plaintiff was injured upon the gravel pit portion of defendant’s premises. Defendant makes no claim that this industrial portion of the property is suitable or appropriate for recreational motorized vehicle operation.[3] Rather, it seeks the benefit of the statute because the gravel pit makes up only a small percentage of a parcel of land which is otherwise suitable for recreational purposes. However, the Court of Appeals has made clear that the grant *503 of immunity within section 9-103 ought to apply only in circumstances where a plaintiff is injured on property suitable for recreational use — that is, on property which the Legislature has determined should be made available to the public without risk of negligence liability to the owner as an incentive for such availability. (See, Ianotti v Consolidated Rail Corp., supra.) No such legislative intent may be ascribed as to the gravel pit portion of these premises. That the gravel pit is contained within a parcel which for the most part is appropriate to recreational use should not govern the determination as to the nonsuitable portion. There is no need to treat the gravel pit any differently than if it were contained within the metes and bounds of a separately described and conveyed parcel of property. For example, according to the affidavit of John Kinsella, defendant owns a 17-acre parcel which abuts the subject property to the west and fronts on Barker Hill Road. Assuming that parcel of land was devoted to gravel pit or other commercial or nonrecreationally suitable purposes, there would be no reason to afford the owner the protection of section 9-103 on the basis that the owner also owns contiguous property which would come within the statute. That those 17 acres were acquired by defendant by separate deed does not make their circumstances different as to use and condition from the 10 to 15 acres separately and distinctly used and occupied as a gravel pit. The absence of real property boundary lines is no barrier to making a legal distinction as to the applicability of section 9-103 based upon the condition, use and occupancy of discrete areas thereof.
As a surface matter, the result here reached might appear anomalous, since plaintiff, having operated his ATV in an unsuitable area, may maintain his action in ordinary negligence, where as if he had operated his vehicle in that portion of the premises suitable therefor, he could not recover except on a showing of willful or malicious conduct. (General Obligations Law § 9-103.) However, since Basso v Miller (40 NY2d 233 [1976]), the common-law standard of reasonable care in the maintenance of real property has applied as to all claimants, irrespective of whether they fall into the discarded categories of invitee, licensee or trespasser. Thus, unless there is reason to apply General Obligations Law § 9-103, which is in derogation of that common-law rule, plaintiff should be subject to the same duties and have the same rights as any other person seeking damages based upon the alleged negligent condition of premises. Since the defendant’s gravel pit *504 concededly is not suitable or appropriate for ATV operation, the statute should not apply, and both parties ought to be left to their common-law rights and duties. (Ianotti v Consolidated Rail Corp., supra, 74 NY2d 39, 45-46; Jacobs v Northeastern Indus. Park, supra, 181 AD2d 720; LaBoy v Bethlehem Steel Corp., 162 AD2d 960 [4th Dept 1990].) It cannot be found that the Legislature intended to induce defendant to permit plaintiff or others to come upon the gravel pit portion of its property for recreational purposes. Accordingly, to apply section 9-103 in these circumstances would neither further the purpose of the statute nor serve any purpose. (Cf., Ferres v City of New Rochelle, supra, 68 NY2d 446, 452.) Defendant’s motion for summary judgment must therefore be denied, upon the ground that General Obligations Law § 9-103 is not applicable to this action.

. Other recreational uses as to which section 9-103 grants negligence immunity are "hunting, fishing, organized gleaning as defined in section seventy-one-y of the agriculture and markets law, canoeing, boating, trapping, hiking, cross-country skiing, tobogganing, sledding, speleological activities, horseback riding, bicycle riding, hang gliding * * * snowmobile operation, cutting or gathering of wood for non-commercial purposes or training of dogs” (General Obligations Law § 9-103 [1] [a]).

. John J. Kinsella’s affidavit refers to this strip of land as an easement, comprising approximately 31 acres. However, defendant has submitted a copy of the warranty deed conveying fee title to Niagara Mohawk, subject to a reservation of crossing, farming and pasture rights in the grantors. The result here would be the same even if defendant owned the 31 acres subject to an easement. (See discussion infra.)

. Defendant does not dispute plaintiffs affidavit recitals of unsuitability of the gravel pit for recreational vehicles. Since the area consists of excavated and piled stone and gravel, with stone crushing and gravel-hauling operations 6Vi days per week, its unsuitability is clearly established.