■ STANLEY E. RZECZKOWSKI, Respondent, v LEO KOWALCZIK et al., Appellants, and GEARY F. CHUMARD et al., Defendants. [654 NYS2d 816] —In an action to recover damages for personal injuries, the defendants Leo Kowalczik, Patricia D. Kowalczik, individually and doing business as Kowalczik Gravel Bank, and Kowalczik Gravel Bank appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 5, 1996, which granted the plaintiff's motion to dismiss the appellants' second affirmative defense and denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion to dismiss the appellants' second affirmative defense and substituting

therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, with costs to the appellants.

The appellants owned a 76-acre dairy farm in West Town, New York, a portion of which was used as a gravel pit. On February 13, 1993, the plaintiff and his friends drove their snowmobiles onto the appellants' land. Shortly after entering upon the property, the plaintiff proceeded up an incline and moments later plunged into the gravel pit below. He was seriously injured.

The plaintiff commenced this action against, among others, the appellants, alleging negligence and recklessness in causing his injuries. In their answer, the appellants raised General Obligations Law § 9-103 as an affirmative defense. Pursuant to General Obligation Law § 9-103, the appellants would be immune from liability for ordinary negligence if the property was suitable for snowmobiling (*see, Albright v Metz*, 88 NY2d 656). Upon the plaintiff's motion, the Supreme Court dismissed the affirmative defense, holding that General Obligations Law § 9-103 did not bar liability because the existence of an actively-mined gravel pit on the appellants' land rendered it unsuitable for snowmobiling.

The Supreme Court erred in holding that the appellants' land was unsuitable for snowmobiling (*see, Albright v Metz, supra; Hoffman v Joseph R. Wunderlich, Inc.*, 147 AD2d 807). As in *Albright v Metz (supra)*, the plaintiff was injured while recreating in an area suitable for the activity in which he was engaged, that is, his injury occurred while snowmobiling in the open field above the pit and not while snowmobiling within the pit itself (*compare, Hoffman v Joseph R. Wunderlich, Inc., supra, with Pulis v T. H. Kinsella, Inc.*, 156 Misc 2d 499, *affd* 204 AD2d 976). Moreover, it was established that prior to the accident, the appellants' land had been used by other snowmobilers, including the plaintiff's friends (*see, Albright v Metz, supra; Iannotti v Consolidated Rail Corp.*, 74 NY2d 39). Accordingly, the appellants' land was conducive to and appropriate for snowmobiling (*see, Bragg v Genesee County Agric. Socy.*, 84 NY2d 544).

However, the appellants' cross motion for summary judgment dismissing the complaint was properly denied. The defendant Geary F. Chumard presented evidence that a local zoning ordinance required construction of a fence around the top-face of a gravel pit which exceeded 10 feet in depth. In compliance with the ordinance the appellants submitted mining plans showing that the depth of the proposed excavation would not exceed 10 feet. After the permit was issued, however, the ap-

pellants maintained the depth of the pit at 20 feet and at no time erected a fence. Moreover, the appellants were aware of the presence of snowmobilers on their property. Consequently, there is a question of fact with respect to whether the appellants maliciously or willfully failed to guard against a dangerous condition (*see, Farnham v Kittinger,* 83 NY2d 520, 529; General Obligations Law § 9-103 [2]). Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.