■ CARL M. GUERESCHI, Individually and as Parent and Natural Guardian of THOMAS GUERESCHI, an Infant, et al., Appellants, v ERIE BOULEVARD HYDROPOWER, L.P., Respondent. [797 NYS2d 679]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 13, 2004 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the second amended complaint and denied plaintiffs' cross motion for leave to amend the second amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Carl M. Guereschi (plaintiff) and his son, Thomas Guereschi, while kayaking on the reservoir of a hydroelectric facility owned by defendant. Plaintiffs appeal from an order that granted defendant's motion for summary judgment dismissing the second amended complaint pursuant to General Obligations Law § 9-103 and denied their cross motion for leave to amend the second amended complaint.

We reject plaintiffs' initial contention that the statute does not apply because defendant was required by the terms of its hydroelectric facility permit to allow boating on the reservoir, as it is irrelevant "whether the landowner has consented or has been induced to consent to the use of the land" for recreational purposes (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551 [1994]). The purpose of the statute is to promote the recreational use of private land, and thus, "[w]hen individuals enter or use the property of another in pursuit of one or more of the specified recreational categories, with or without permission from the owner, they do so at their own peril and without potential recourse to sue for damages based on failure of landowners to maintain usual safekeeping measures" (*Farnham v Kittinger*, 83 NY2d 520, 525 [1994]). As plaintiff and his son

were engaged in an activity specified in the statute and were doing so on premises that were suitable for that activity, the requirements for the application of the statute were met (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 551-552).

We also reject the further contention of plaintiffs that the statute does not apply because of defendant's willful or malicious conduct. The statute will prevent recovery unless plaintiffs make a "high-threshold demonstration" that defendant acted maliciously or willfully, and "[a]n owner's actions in creating a dangerous condition must be based on a showing of particular, not inferred, malice and willfulness, and not on simple negligence" (*Farnham*, 83 NY2d at 529). The evidence submitted by plaintiffs failed to meet that threshold. Furthermore, as plaintiffs submitted no evidence of malicious or willful behavior on the part of defendant, Supreme Court properly denied their cross motion for leave to amend the second amended complaint alleging such behavior, as such an amendment would be without merit (*see Gardner v Owasco Riv. Ry.*, 142 AD2d 61, 65 [1988], *lv denied* 74 NY2d 606 [1989]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.