[853 NYS2d 611]

# Aaron W. Morales, Appellant, v Coram Materials Corp., Respondent, et al., Defendants.

Second Department, March 11, 2008

APPEARANCES OF COUNSEL

*Steven Cohn, P.C.,* Carle Place (*Susan E. Dantzig* of counsel), for appellant.

*Tromello, McDonnell & Kehoe,* Melville (*Kevin P. Slattery* of counsel), for respondent.

## OPINION OF THE COURT

DILLON, J.

In a case involving a plaintiff who was seriously injured while engaging in a recreational activity on the property of another, we consider on this appeal the nature of proof that a landowner must tender, on a motion for summary judgment, when seeking immunity from liability pursuant to General Obligations Law § 9-103, the recreational use statute.

## I. Facts

On June 14, 2003, at approximately 7:15 P.M., the plaintiff, Aaron W. Morales, was rendered paraplegic from an accident while riding a four-wheel Yamaha Banshee all-terrain vehicle (hereinafter ATV) in a sand and gravel pit located in Miller Place. The sand and gravel pit was owned and commercially operated by the defendant Coram Materials Corp. (hereinafter Coram Materials). Coram Materials had contracted with the defendant Pro-Tek Security System, Inc. (hereinafter Pro-Tek), for Pro-Tek to provide security at the site.

On the date of the accident, Morales and three of his friends rode their ATVs for a few hours upon a dirt trail and through woods. They eventually emerged from the woods into a clearing that was approximately 100 feet above Coram Materials' sand and gravel pit. The pit contained large hills of sand and gravel, construction equipment, and conveyor belts. Morales and his friends then traveled down an ungated dirt road that led from the elevated clearing to the bottom of the pit. A security guard at the bottom of the pit gave them permission to drive their ATVs within the pit on condition that they remain on the opposite side of a particular sand hill that the guard identified.

Morales ascended the hill without incident ahead of his friends. As he descended the opposite side, he observed that a portion of the hill was "missing." Despite pressing the front and rear brakes as hard as he could, Morales was thrown over

the handlebars of his ATV and landed near the bottom of the hill, sustaining significant injuries.

Morales commenced this action against, among others, Coram Materials and Pro-Tek, alleging causes of action for the negligent supervision and security of the property and the failure to warn of hazardous conditions.

After Morales was deposed, but before any depositions of defense witnesses were conducted, Coram Materials moved for summary judgment on the ground that it was immunized from liability by application of General Obligations Law § 9-103. Specifically, Coram Materials contended, through the affirmation of its counsel, that the requirements of General Obligations Law § 9-103 were met since Morales was engaged at the time of his accident in a recreational activity within the defined scope of the statute, and since the sand and gravel pit where the accident occurred was suitable for ATV use. Morales and Pro-Tek opposed Coram Materials' motion for summary judgment, arguing that Coram Materials had failed to submit evidence that its property had been previously used for ATV riding or was otherwise suitable for such activity. Morales also argued that Coram Materials' motion was premature absent depositions of the defendants, a physical inspection of the premises, and discovery of any prior ATV activities at the sand and gravel pit. By cross motion, Pro-Tek sought the benefit of immunity under General Obligations Law § 9-103 in the event it was accorded to Coram Materials.

In a reply affidavit submitted in further support of the motion of Coram Materials for summary judgment, Frank Vigliarolo, a corporate officer of Coram Materials, averred that riders had operated ATVs on Coram Materials' property for several years prior to Morales' accident. Vigliarolo referenced an unsigned, unsworn memo from John T. Brown of Pro-Tek, dated January 27, 2003, written approximately five months before Morales' accident, stating, inter alia, that ATVs were being operated upon the property without permission, that ATV operators would be asked to leave, and that "Brookhaven Code enforcement" would be contacted if ATV users failed to leave upon request.

By order dated January 3, 2006, the Supreme Court, Suffolk County, inter alia, granted that branch of the motion of Coram Materials which was for summary judgment dismissing the complaint insofar as asserted against it, finding that Coram Materials was immunized from liability pursuant to General

Obligations Law § 9-103. The Supreme Court found that Coram Materials was a landowner whose property was suitable for, and used at the time of, Morales' covered recreational activity. The Supreme Court relied particularly upon the Vigliarolo affidavit and the Brown memo, referencing the ATV use of the sand and gravel pit prior to Morales' accident, in determining that the pit was suitable for Morales' recreational activity when he was injured.[1]

Morales appeals from so much of the Supreme Court's order as granted that branch of the motion of Coram Materials which was for summary judgment dismissing the complaint insofar as asserted against it. For the reasons set forth below, we reverse the order insofar as appealed from.

## II. The Requirements of General Obligations Law § 9-103

General Obligations Law § 9-103, which is also known as the "recreational use statute," provides landowners with immunity from liability for ordinary negligence, if a person is injured while engaged in a listed recreational activity upon the landowner's property. The statute seems counterintuitive, as it abrogates the traditional obligation of property owners, under *Basso v Miller* (40 NY2d 233 [1976]), to keep property reasonably safe for persons whose presence is foreseeable. The overall purpose of General Obligations Law § 9-103 recognizes the value and importance to New Yorkers of pursuing recreational activities, so that a statute immunizing landowners from liability arising from recreational activities will result in more properties being made available for such uses (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 818 [2007]).

The language of General Obligations Law § 9-103 contains two expressed principal components and three exceptions. The first principal component provides a list of recreational activities covered by the statute such as hunting, fishing, boating, sledding, horseback riding, and hang gliding, and which specifically includes "motorized vehicle operation for recreational purposes" (*see* General Obligations Law § 9-103 [1] [a]). The language of the recreational use statute has been specifically

---

1. The Supreme Court, inter alia, rejected Morales' argument that summary judgment in favor of Coram Materials was premature. The Supreme Court denied Pro-Tek's cross motion for summary judgment, finding that Pro-Tek's alleged directions to Morales regarding the use of his ATV raised triable issues of fact that removed Pro-Tek from the protections of General Obligations Law § 9-103.

interpreted to include ATV use (*see e.g. Bryant v Smith*, 278 AD2d 576 [2000]).

The second principal component of the statute speaks to the issue of duty, namely, that the landowner or lessee owes no duty to keep the premises safe for listed recreational users or to warn of hazardous conditions (*see* General Obligations Law § 9-103 [1] [a]).

Coram Materials, as the party seeking summary judgment, bore the burden of establishing its prima facie entitlement to judgment as a matter of law on the immunizing effect of the recreational use statute (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Chiarini v County of Ulster*, 9 AD3d 769 [2004]). To meet its burden, Coram Materials was required to establish the two expressed components of General Obligations Law § 9-103, namely, its ownership of the property and the plaintiff's engagement in a specified recreational activity. For reasons set forth below, a party seeking summary judgment must also establish in its moving papers the "suitability" of the property for recreational use (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d 544 [1994]), even though suitability is not specifically identified as an element in the language of the statute.

When a movant demonstrates its prima facie entitlement to summary judgment, the burden shifts to the party opposing the motion to provide evidence, in proper admissible form, sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Generally, a question of fact is raised under the recreational use statute if there is evidence that the defendant does not own, lease, or occupy the land where the accident occurred, or that the plaintiff was not engaged in a listed recreational activity, or that the property was not suitable for the recreational use. Additionally, an issue of fact can be raised by a party opposing summary judgment if evidence is tendered that a defined exception to the recreational use statute applies (*see Farnham v Kittinger*, 83 NY2d 520, 528-529 [1994]; *Sega v State of New York*, 60 NY2d 183, 192 [1983]; *Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288 [2003]; *Scuderi v Niagara Mohawk Power Corp.*, 243 AD2d 1049 [1997]). The three statutory exceptions are available when a property owner willfully or maliciously fails to guard or warn against a dangerous condition (*see* General Obligations Law § 9-103 [2] [a]; *McCleary v City of*

*Glens Falls*, 32 AD3d 605, 608 [2006]; *Hillman v Penn Cent. Corp.*, 204 AD2d 902, 902-903 [1994]; *Fenton v Consolidated Edison Co. of N.Y.*, 165 AD2d 121, 122 [1991]), when a property owner receives consideration in exchange for permitting the recreational use of the property (*see* General Obligations Law § 9-103 [2] [b]; *Samuels v High Braes Refuge, Inc.*, 8 AD3d 1110 [2004]; *Powderly v Colgate Univ.*, 248 AD2d 365 [1998]), or when a permissive user injures another to whom duties are owed by the property owner (*see* General Obligations Law § 9-103 [2] [c]).[2]

### III. Suitability Must Be Proven for Summary Judgment

In regard to Coram Materials' initial burden of establishing its prima facie entitlement to summary judgment, the parties do not dispute that the plaintiff was engaged at the time of his accident in a recreational activity within the scope of the statute. The fact that the plaintiff allegedly received permission from a security guard to ride his ATV within the sand and gravel pit does not negate the statutory immunity (*see* General Obligations Law § 9-103 [1] [b]; *Guereschi v Erie Blvd. Hydropower, L.P.*, 19 AD3d 1022 [2005]). Coram Materials' ownership of the property is also not at issue, as the allegation of ownership contained in Morales' complaint is admitted in Coram Materials' answer. Instead, the parties dispute whether Coram Materials' sand and gravel pit is a "suitable" area for ATV use, and hence, whether a common-law duty of care that might render Coram Materials liable, or a statutory immunity that would not, controls.

General Obligations Law § 9-103 makes no reference to the "suitability" of land for recreational uses, and does not expressly include suitability as a necessary component of the statute. Suitability is a creation of decisional authority that has interpreted the legislative intent underlying the statute. In *Bragg v Genesee County Agric. Socy.* (84 NY2d 544 [1994]), the Court of Appeals noted that the legislative intent behind General Obligations Law § 9-103 was to extend immunity only to landowners whose property was suitable for the enumerated recreational activities (*id.* at 548-549, citing Bill Jacket, L 1956, ch 842). Limiting the reach of the statute to "suitable" property makes sense, as no public purpose is served in inducing land-

---

**2.** Morales raised the first of these three statutory exceptions, but only in opposition to the cross motion of Pro-Tek and not in opposition to the summary judgment motion of Coram Materials.

owners to open their property to recreational uses for which the land is ill-suited (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 548; *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45 [1989]).

Indeed, while the statute appears to contain only two expressed components dealing with recreational use and duty, case law has added suitability as a third component which must be addressed in a motion for summary judgment to enable a determination of whether the immunity available under General Obligations Law § 9-103 applies to particular case circumstances. As a result, a body of decisional law has developed over the issue of suitability.

It has been held that land which is commercially owned and actively utilized may be suitable for recreational use under General Obligations Law § 9-103 (*see Iannotti v Consolidated Rail Corp.*, 74 NY2d at 45; *Fenton v Consolidated Edison Co. of N.Y.*, 165 AD2d at 126). Likewise, the statute has been applied to property that is state-owned (*see Sega v State of New York*, 60 NY2d 183, 191 [1983]; *Myers v State of New York*, 11 AD3d 1020 [2004]), but not to park property and other recreational facilities that by nature and definition invite public recreational use (*see Sena v Town of Greenfield*, 91 NY2d 611, 615-616 [1998]; *Ferres v City of New Rochelle*, 68 NY2d 446, 454 [1986]). Where property is suitable for recreational use at most times, but is temporarily unsuitable on the date of a plaintiff's accident, the immunity of General Obligations Law § 9-103 applies to the landowner, as the issue of suitability is measured against how the property generally exists rather than upon temporary hazards that exist on a particular day (*see Albright v Metz*, 88 NY2d 656, 663 [1996]; *Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552). Where an accident occurs on property which contains a portion suitable for recreational use, as well as a portion not suitable for such use, the courts tend to look to the general character of the overall property used at the time of the occurrence in determining whether to apply the statute. Accordingly, in *Hoffman v Joseph R. Wunderlich, Inc.* (147 AD2d 807 [1989]), wherein an infant plaintiff riding a motorized trail bike on an established bike trail fell on a steep incline on the defendant's property, the Appellate Division, Third Department, conferred upon the defendant the immunity of General Obligations Law § 9-103 even though another portion of the same property was used as a sand and gravel pit, and even though the specific accident location contained gravel banks. In other

words, the court looked to the use of the general area of the bike trail as being suitable for a recreational purpose, and was not concerned with the unsuitability of particular portions of the property or trail.

Similarly, in *Albright v Metz* (88 NY2d 656 [1996]), an infant plaintiff rode a motorized dirt bike on property which was partially used by the defendant owner as a landfill. The infant plaintiff drove up a path to the top of a berm and then plunged 35 feet into the bed of the landfill. He argued that the landfill area of the property was not suited for dirt bikes and that General Obligations Law § 9-103 therefore did not apply to immunize the defendant owner from liability. The defendant argued that the dirt path on which the infant was dirt biking alongside the landfill was suitable for such a recreational use, as a result of which the statutory immunity did apply. The Court of Appeals held that by examining the property as it generally existed, rather than focusing on its discrete portions, the property was suitable for dirt biking, particularly as it had been used for such purposes by various persons for many years (*see Albright v Metz*, 88 NY2d at 664-665). The Court of Appeals noted a trade-off to recreationists, that if permitted to use lands owned by others, they must assume under the statute the risks of their activities (*id.* at 665).

A similar result was reached by this Court in *Rzeczkowski v Kowalczik* (237 AD2d 342 [1997]), where the plaintiff was injured when his snowmobile plunged into a gravel pit as he operated it on the defendant's 76-acre dairy farm. This Court held, consistent with *Albright* and *Hoffman,* that the defendant's open property was suitable for snowmobiling, for which it had been used on previous occasions, notwithstanding that the accident occurred within the gravel pit itself.

However, a different result involving "hybrid" property was reached by the Supreme Court, Oswego County, in *Pulis v T.H. Kinsella, Inc.* (156 Misc 2d 499 [1993]), which was affirmed by the Appellate Division, Fourth Department, "for reasons stated in decision at Supreme Court" (204 AD2d 976 [1994]), and which is relied upon by the plaintiff here. In *Pulis,* the plaintiff operated an ATV in a gravel pit owned by the defendant and, upon leaving the area, was injured when the ATV ran into a cable that stretched across the entrance/exit roadway. Most of the property owned by the defendant was undeveloped and suitable for ATV use, but the plaintiff never operated his ATV in those areas. The Supreme Court differentiated between the

suitable and unsuitable portions of the property for ATV use, holding that the Legislature could not have intended for General Obligations Law § 9-103 to apply to a gravel pit that was not suitable for ATVs (*see Pulis v T.H. Kinsella, Inc.*, 156 Misc 2d at 503). Accordingly, it held the property owner ineligible for the statutory immunity and permitted the plaintiff's action to proceed on a theory of ordinary negligence.

*Pulis* was decided by the Supreme Court in 1993 and by the Appellate Division, Fourth Department, in 1994. *Albright* was decided by the Court of Appeals in 1996. Arguably then, the focus of *Pulis* on the use of a particular area of property where an accident occurred, for determining suitability under General Obligations Law § 9-103, has been implicitly rejected by the Court of Appeals' more recent focus in *Albright* on the general character of a landowner's property. As a result, *Pulis'* analysis is now of questionable validity and should not guide our determination here.

The outcome of this appeal necessarily depends upon whether Coram Materials tendered prima facie evidence demonstrating that its property is generally suitable for the recreational operation of ATVs (*see Albright v Metz*, 88 NY2d at 663). The Court of Appeals has held that "[w]hether a parcel of land is suitable and the immunity available is a question of statutory interpretation, and is, therefore, a question of law for the Court" (*Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552; *see also Albright v Metz*, 88 NY2d at 662; *Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1001 [2003]). In determining suitability, courts must examine whether a defendant's land is the "type of property which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation" (*Albright v Metz*, 88 NY2d at 662; *see also Iannotti v Consolidated Rail Corp.*, 74 NY2d at 45; *Hulett v Niagara Mohawk Power Corp.*, 1 AD3d at 1001). Among the primary factors considered in determining suitability is whether the property has been used for the same recreational purposes in the past (*see Albright v Metz*, 88 NY2d at 662; *Bragg v Genesee County Agric. Socy.*, 84 NY2d at 547; *Iannotti v Consolidated Rail Corp.*, 74 NY2d at 46-47; *Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d at 819; *Blair v Newstead Snowseekers*, 2 AD3d at 1288; *Moscato v Frontier Distrib.*, 254 AD2d 802, 803 [1998]; *Obenauer v Broome County Beaver Lake Cottagers Assn.*, 170 AD2d 739, 740 [1991]).

## IV. The Suitability of Coram Materials' Property

Summary judgment is not warranted in favor of Coram Materials at this juncture, as Coram Materials failed to present evidentiary facts in its initial moving papers as to the general nature and description of its property. Beyond the conclusory assertions of Coram Materials' counsel, it failed to provide an adequate basis on which the issue of "suitability" can be determined. Without such prima facie evidence in the initial moving papers, Coram Materials failed to establish that all of the elements of General Obligations Law § 9-103, including the element of suitability, were satisfied. Where, as here, a party's prima facie entitlement to summary judgment is not established within the confines of its initial moving papers, the motion court need not reach the opposing parties' opposition papers to ascertain whether questions of fact are raised in proper admissible form (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d at 562).

The affidavit of Frank Vigliarolo, submitted by Coram Materials to show that the sand and gravel pit had historically been used by riders of ATVs, and highly relevant to the issue of suitability (*e.g. Albright v Metz*, 88 NY2d at 664-665), was submitted for the first time in Coram Materials' reply papers, and therefore cannot be considered in determining whether or not Coram Materials demonstrated its prima facie entitlement to judgment as a matter of law (*see GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]). Likewise, the unsworn and unsigned Brown memo dated January 27, 2003, relied upon by Vigliarolo in his reply affidavit to establish ATV use on the property prior to Morales' accident, is not competent evidence for establishing entitlement to summary judgment (*see Peschanker v Loporto*, 252 AD2d 485, 486 [1998]; *Moore v Tappen*, 242 AD2d 526, 527 [1997]).

Thus, the Supreme Court erred in determining that Coram Materials' sand and gravel pit was suitable for ATV riding, because the finding of suitability was based, in large measure, upon its consideration of the Vigliarolo reply affidavit and the unsigned, unsworn Brown memo. The Supreme Court was provided with no other facts or evidence on which to conclude that Coram Materials' property was suitable for the use of ATVs.

Here, the record does not reveal whether Coram Materials' property consisted solely of the sand and gravel pit or whether the pit was part of a larger general parcel. Indeed, the record does not disclose whether the elevated clearing above the sand and gravel pit, on which Morales was riding his ATV, also was owned by Coram Materials, akin to the path alongside a landfill in *Albright* and the bike trail alongside a gravel pit in *Hoffman*. Furthermore, the record does not disclose the size and grade of the sand and gravel hills, the frequency with which large portions of sand and gravel are missing or removed from the hills, the size of the missing portion of the hill in this instance, the dangers posed, if any, by the presence of construction equipment and conveyor belts in the area, and the capabilities of the ATV used by Morales. These are among the items of evidence that should have been addressed by Coram Materials in its initial moving papers, along with evidence of any prior ATV use on the property, for the court to render a proper legal conclusion as to the suitability of Coram Materials' sand and gravel pit by operators of ATVs.

Absent Coram Materials' reply evidence, its initial moving papers on the issue of suitability were limited to the affirmation of Coram Materials' counsel that the "land on which the plaintiff and his friends were riding was suitable for the activity of riding all terrain vehicles." Affirmations of attorneys who have no personal knowledge of germane facts have no intrinsic evidentiary value (*see Chiarini v County of Ulster*, 9 AD3d at 770). Counsel's argument on suitability is purely conclusory, as it is not based upon factual evidence in the record, and because factual evidence on the issue of suitability did not arguably exist until the submission of Coram Materials' later reply papers. Coram Materials' counsel, rather than relying upon facts in evidence to conclude the land was suitable for ATV use, instead relied upon a purely legal argument that, under *Albright,* properties with gravel pits are by definition suitable for ATV activities. However, *Albright* does not stand for that proposition.

In *Albright,* as previously noted, an infant plaintiff operated a dirt bike on a path that had been used for such purposes for many years, and the property was found by the Court of Appeals to be suitable for ATVs based upon its general characteristics. The fact that the infant plaintiff in *Albright* landed in a landfill was not of dispositive importance. Here, Coram Materials' initial moving papers failed to describe the general characteristics of its entire property insofar as the issue of suit-

ability is concerned, and *Albright* does not state, as Coram Materials maintains, that gravel pits or landfills are per se suitable for ATV operation. We decline to engage in a "one size fits all" holding that all sand and gravel pits are ipso facto suitable for the recreational use of ATVs.

The parties' remaining contentions either are without merit or have been rendered academic by our determination.

In light of the foregoing, the order is reversed insofar as appealed from, on the law, and that branch of the motion of Coram Materials which was for summary judgment dismissing the complaint insofar as asserted against it is denied, without prejudice to renewal upon the completion of discovery.

RITTER, J.P., SANTUCCI and MILLER, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Coram Materials Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied, without prejudice to renewal upon the completion of discovery.