■ JOSEPH FINNOCCHIARO, Appellant, v ALBERT NAPOLITANO et al., Respondents. [859 NYS2d 477]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 21, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Albert Napolitano (hereinafter Albert) owns a 200-acre parcel of property in Schoharie County, which friends and family members have used over the years for hunting. On November 23, 2003 the plaintiff was deer hunting on Albert's property when the all-terrain vehicle (hereinafter ATV) he was operating flipped over, causing him to sustain injuries. The plaintiff, who is Albert's uncle, testified at his deposition that he had hunted on the subject property for 50 years, and that he previously had used ATVs to navigate around the property during hunting excursions. After depositions were conducted, Albert and his wife, the defendant Nikki Napolitano (hereinafter Nikki), moved for summary judgment dismissing the complaint, contending, inter alia, that they could not be held liable pursuant to General Obligations Law § 9-103 for their alleged ordinary negligence in the maintenance of the subject property. The Supreme Court granted the defendants' motion, and we affirm.

General Obligations Law § 9-103, which is known as the "recreational use statute," grants landowners immunity from liability for ordinary negligence where a person is injured while engaged in certain recreational activities, including hunting and the operation of "inherently recreational" vehicles such as ATVs (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 546 [1994]; *Farnham v Kittinger*, 83 NY2d 520, 526 [1994]; *Morales v Coram Materials Corp.*, 51 AD3d 86 [2008]; *Bryant v Smith*, 278 AD2d 576 [2000]). The statute removes a landowner's obligation "to keep the premises safe [and] to give warning of any hazardous condition . . . to persons entering for [recreational] purposes" (General Obligations Law § 9-103 [1] [a]). To establish entitlement to summary judgment based upon the statute, a defendant must establish ownership of the property, the plaintiff's engagement in one of the recreational activities specified by the statute, and the suitability of the property for that recreational use (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d 544 [1994]; *Morales v Coram Materials Corp.*, 51 AD3d 86 [2008]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidentiary proof that Albert owns the subject property, that the plaintiff was engaged in the specified recreational activity of hunting at the time of the accident, and that the property, where the plaintiff has hunted for 50 years, is suitable for that activity (*see Albright v Metz,* 88 NY2d 656, 662 [1996]; *Rivera v Glen Oaks Vil. Owners, Inc.,* 41 AD3d 817, 819 [2007], *lv denied* 9 NY3d 817 [2008]; *Olson v Brunner,* 261 AD2d 922 [1999]). The plaintiff's contention that the defendants failed to establish their entitlement to summary judgment because they did not prove that the property was suitable for ATV use is without merit. The deposition testimony submitted in support of the motion demonstrated that the plaintiff's operation of an ATV was merely incidental to the recreational activity of hunting. In any event, the suitability of the property for ATV use was demonstrated by evidence that the plaintiff and both defendants had operated ATVs on the property on prior occasions (*see Albright v Metz,* 88 NY2d 656, 662 [1996]; *Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 46-47 [1989]; *Jacobs v Northeastern Indus. Park,* 181 AD2d 720 [1992]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to the applicability of the recreational use statute, or as to whether any defined exception to the statute applies.

Furthermore, in opposition to the defendants' prima facie showing, the plaintiff also failed to raise a triable issue of fact as to whether liability can be imposed upon Nikki under the doctrine of "danger invites rescue." The doctrine "was intended to relieve a rescuer from a charge of negligence when rushing into danger to save another from imminent, life threatening peril" (*Tassone v Johannemann,* 232 AD2d 627, 628 [1996]), and has been expanded to create a duty of care towards a potential rescuer where one party, by a culpable act, has placed himself or herself in a perilous situation which invites rescue (*see Ha-Sidi v South Country Cent. School Dist.,* 148 AD2d 580, 582 [1989]). Here, although the plaintiff claims that the accident occurred while he was driving an ATV down an incline in order to assist Nikki, who allegedly had injured her arm, he submitted no evidence to suggest that he reasonably could have believed that she was in imminent peril so as to justify the application of the doctrine (*see Diaz v Green,* 47 AD3d 612 [2008]; *Tassone v Johannemann,* 232 AD2d 627 [1996]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.