■ LEE ADAM FREDETTE, Appellant-Respondent, v TOWN OF SOUTHAMPTON, Respondent, and HONDA MOTOR CO., LTD., et al., Respondents-Appellants, et al., Defendants. [944 NYS2d 206]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief and reply brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 25, 2010, as granted the motion of the defendant Town of Southampton for summary judgment dismissing the complaint insofar as asserted against it, the defendants Honda Motor Co., Ltd., and American Honda Motor Co., Inc., cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing so much of the first and third causes of action insofar as asserted against them as alleged defective design and manufactur-

ing, negligent entrustment, and failure to warn, and the defendant Long Island Cycle & Marine, Inc., separately cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motions of the defendants Honda Motor Co., Ltd., and American Honda Motor Co., Inc., and the separate motion of the defendant Long Island Cycle & Marine, Inc., which were for summary judgment dismissing so much of the first and third causes of action insofar as asserted against them as alleged defective design and manufacture, negligent entrustment, and failure to warn, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted the motion of the Town of Southampton for judgment as a matter of law dismissing the complaint insofar as asserted against it, as it was immune from liability pursuant to General Obligations Law § 9-103. The Town established its prima facie entitlement to summary judgment by showing that it owned the property at which the underlying accident occurred, that the plaintiff was engaged in a recreational activity specified by the statute, and that the property was suitable for that recreational use (see Finnocchiaro v Napolitano, 52 AD3d 463 [2008]; Morales v Coram Materials Corp., 51 AD3d 86 [2008]). The property was suitable for the activity—off-road motorcycling—as a matter of law, as it was not only physically conducive to that activity, but is also a type of property which would be appropriate for public use in pursuing that activity as recreation (see Albright v Metz, 88 NY2d 656, 662 [1996]; Bragg v Genesee County Agric. Socy., 84 NY2d 544, 548 [1994]; Iannotti v Consolidated Rail Corp., 74 NY2d 39, 45 [1989]; Morales v Coram Materials Corp., 51 AD3d 86 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the Supreme Court's determination, Honda Motor Co., Ltd., and American Honda Motor Co., Inc. (hereinafter together Honda), and Long Island Cycle & Marine, Inc. (hereinafter LICM), each established their prima facie entitlement to judgment as a matter of law dismissing so much of the first cause of action insofar as asserted against each of them as alleged negligent entrustment. There is no evidence that Honda or LICM had any special knowledge concerning a characteristic or condition peculiar to the plaintiff which rendered his use of a motorcycle unreasonably dangerous, or any special knowledge

as to a characteristic or defect peculiar to the motorcycle which rendered it unreasonably dangerous (*see Byrne v Collins*, 77 AD3d 782 [2010]; *Cook v Schapiro*, 58 AD3d 664 [2009]; *Troncoso v Home Depot*, 258 AD2d 644 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court erred in denying those branches of the motions of Honda and LICM which were for summary judgment dismissing so much of the first and third causes of action insofar as asserted against them as alleged a failure to warn of a particular danger. While the Supreme Court properly determined that the affirmation of Yasuyuke Tsurumi was not notarized and was otherwise inadmissible as evidence (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]) and also properly rejected the affidavit of Honda's expert, John Frackleton, as lacking probative value since it failed to demonstrate that Frackleton was qualified to render an expert opinion (*see Pellechia v Partner Aviation Enters., Inc.*, 80 AD3d 740, 741 [2011]; *de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517, 518 [2007]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]), it improvidently exercised its discretion in excluding from consideration the affidavits of Ken Glaser and Kris Kubly on the ground that the affidavits, while notarized, were not accompanied by a certificate of conformity required by CPLR 2309 (c). This Court has previously held that the absence of a certificate of conformity for an out-of-state affidavit is not a fatal defect (*see Smith v Allstate Ins. Co.*, 38 AD3d 522, 523 [2007]), a view shared by the Appellate Division, First and Third Departments as well (*see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672 [1st Dept 2009]; *Sparaco v Sparaco*, 309 AD2d 1029, 1031 [3d Dept 2003]; *Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833 [3d Dept 1989]; *see also* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3).

Upon considering the affidavits of Glaser and Kubly and other admissible evidence, we conclude that Honda, as well as LICM, which relied, in large part, upon Honda's submissions, established their prima facie entitlement to judgment as a matter of law dismissing so much of the first and third causes of action insofar as asserted against them as alleged failure to warn. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff conceded in his deposition testimony that he had "just looked through" the motorcycle's manual without recalling any particular pages or entries and, therefore, cannot have relied upon any particular warnings that might be proximately

related to a failure-to-warn cause of action (*see Sosna v American Home Prods.*, 298 AD2d 158 [2002]; *see also Perez v Radar Realty*, 34 AD3d 305, 306 [2006]; *Guadalupe v Drackett Prods. Co.*, 253 AD2d 378 [1998]). However, the plaintiff's affidavit in opposition, sworn to more than two years after his deposition, asserts that he had seen the manual's front cover many times and read pages 2 through 7 and most of the service and maintenance section at pages 11 through 31. We reject this contradictory sworn statement, as we find it to have been tailored to avoid the consequences of the plaintiff's earlier deposition testimony (*see Sosna v American Home Prods.*, 298 AD2d at 158; *see also Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930 [2011]; *Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [2008]).

This Court held in *Johnson v Johnson Chem. Co.* (183 AD2d 64 [1992]) that even where a plaintiff fails to read warnings altogether, there may still be a viable cause of action based on the inadequacy of the warnings themselves, as the sufficiency of warnings is not limited to what is warned but also includes consideration of the intensity of the language used and the prominence of its display (*id.* at 70). The adequacy of warnings is usually a question of fact (*see Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545 [2006]; *Haight v Banner Metals*, 300 AD2d 356 [2002]). Here, the plaintiff's evidence establishes that he had at least perused the manual. To the extent that the plaintiff's first and third causes of action allege the inadequacy of warnings, the plaintiff attempts in his submissions to raise issues regarding the adequacy, intensity, and prominence of warnings and instructions concerning the avoidance of hazards, the rider's positioning on the motorcycle, and the pre-inspection of riding areas. However, the plaintiff testified at his hearing pursuant to General Municipal Law § 50-h and his deposition that during his inbound trip on the trail, he observed a pile of leaves across his path and, without slowing or applying brakes, drove around the pile. He was therefore consciously aware of the hazard and chose, at that time, to avoid it entirely. It was on the return trip that the plaintiff, aware of the leaf pile, chose to drive through it. Under these circumstances, the plaintiff failed to raise a triable issue of fact as to whether the alleged inadequacy of warnings regarding the avoidance of hazards and the pre-inspection of riding areas was a competent producing cause of the occurrence (*see Stalker v Goodyear Tire & Rubber Co.*, 60 AD3d 1173, 1175-1176 [2009]; *Secone v Raymond Corp.*, 240 AD2d 391, 392 [1997]).

There is no merit to the plaintiff's contention, in the context

of his argument that there were inadequate warnings, that Vehicle and Traffic Law §§ 1251 and 2404 prohibit riders from standing upon foot pegs during off-road riding. Those statutes merely prohibit more persons from riding on a motorcycle or all-terrain vehicle (hereinafter ATV) than there are attached seats available for them, and require that each motorcycle or ATV seat be permanently and regularly attached to the bike (see 1957 Revision Note, McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1212 [now codified in § 1251 (a)], at 627 [1960 ed]). Neither statute prohibits ATV riders from ever standing upon foot pegs as may be necessary to maintain stability and control of the vehicle on rough, off-road terrain.

In light of the fact that the plaintiff's counsel informed the Supreme Court that the plaintiff did not intend to continue to prosecute the causes of action alleging defective design and manufacture of the subject motorcycle, the Supreme Court should have granted those branches of the motions of Honda and LICM which were for summary judgment dismissing so much of the first and third causes of action insofar as asserted against them as alleged strict products liability based on defective design and manufacture.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Belen, Roman and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31451(U).]**