Greenway Medical Supply Corp., as Assignee of IAN MORENO, Respondent,
against
Dollar Rent a Car, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered July 25, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
In support of its motion, defendant submitted an affidavit by its no-fault claim representative which was sufficient to establish, prima facie, that defendant had not received the claim forms at issue. Moreover, defendant submitted a mailing log, which it had received from plaintiff in discovery, indicating that the claim forms in question had been sent, not to defendant, but to a different insurer. In opposition, plaintiff submitted an affidavit which set forth its mailing practices and procedures, but which stated only that the claim forms had been sent to "the insurance carrier." Plaintiff provided no other evidence that it had mailed the claim forms to defendant. Under these circumstances, we find that plaintiff failed to raise a triable issue of fact as to whether it had actually mailed the claim forms to defendant (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
We note that the absence of a certificate of conformity is not a fatal defect to the out-of-state affidavit proffered by defendant (see Fredette v Town of Southampton, 95 AD3d 940 [2012]; see also Gonzalez v Perkan Concrete Corp., 110 AD3d 955 [2013]; Bey v Neuman, 100 AD3d 581 [2012]; Smith v Allstate Ins. Co., 38 AD3d 522 [2007]; Active Chiropractic, P.C. v Praetorian Ins. Co., 43 Misc 3d 134[A], 2014 NY Slip Op 50634[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), as the defect may be corrected nunc pro tunc or disregarded pursuant to CPLR 2001 (see Midfirst Bank v Agho, 121 AD3d 343 [2014]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016