■ RICHARD OBENAUER, Appellant, v BROOME COUNTY BEAVER LAKE COTTAGERS ASSOCIATION, INC., Respondent, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Harlem, J.), entered April 17, 1990 in Broome County, which granted a motion by defendant Broome County Beaver Lake Cottagers Association, Inc. for, inter alia, summary judgment dismissing the complaint against it.

Plaintiff was injured on August 11, 1985 when he lost control of a four-wheeled all-terrain vehicle (hereinafter ATV) which he was operating on Hubbard Pond Road, a private access road to Beaver Lake in the Town of Windsor, Broome County. Hubbard Pond Road is occupied and maintained by defendant Broome County Beaver Lake Cottagers Association, Inc. (hereinafter defendant) and the portion of the road on which plaintiff was injured is apparently owned by defendant R. J. Kurey, who does not appear on this appeal. At the time

of the accident, plaintiff was a guest at one of the cottages on the lake.

In May 1988, plaintiff commenced this action alleging, *inter alia,* that his injuries were the result of defendant's negligence in failing to properly maintain the road in a safe condition. Following discovery, defendant moved for summary judgment dismissing the complaint against it on the ground that it is immune from liability under General Obligations Law § 9-103. Supreme Court granted the motion and this appeal by plaintiff followed.

There should be an affirmance. General Obligations Law § 9-103 provides that an owner, lessee or occupant of premises who permits members of the public to come on those premises to engage in one of several enumerated recreational activities, including "motorized vehicle operation for recreational purposes", is exempt from liability for injuries sustained on the property unless, *inter alia,* there is a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [1] [a]; [2] [a]). The applicability of the statute, however, depends upon whether, under the circumstances, the property is "of the type that would ordinarily be frequented by sportsmen engaged in the * * * listed activities" *(Ferres v City of New Rochelle,* 68 NY2d 446, 453). In this case, plaintiff does not dispute that he was operating the ATV for recreational purposes, but claims that Hubbard Pond Road is an access road for property owners on the lake which is neither physically conducive to nor appropriate for recreational use of ATVs by the public (citing *Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 45). We disagree.

In support of its motion, defendant submitted the affidavit of Kathleen Morrow, its former secretary, in which she stated that Hubbard Pond Road is actually a narrow, secluded dirt path located in the densely wooded 60-acre area surrounding Beaver Lake. Although Morrow stated that the road is generally used by defendant's members and their guests to gain access to cottages on the lake, she also stated that it has been used for the recreational operation of motorized vehicles since she purchased lake property in 1983. Further, Fran O'Neil, the owner of the ATV used by plaintiff, stated in his affidavit that he did not ride his ATV on Hubbard Pond Road on a regular basis, but that during the months of July and August 1985 he used the ATV on the road for access to and from the wooded trails surrounding the lake. Notably, plaintiff himself testified at his examination before trial that, on the day of the

accident, he had been riding the ATV on the road "all day" from 11:00 A.M. until approximately 7:30 P.M.

In our view, the foregoing evidence establishes that Hubbard Pond Road is the type of property which would ordinarily be used for the operation of a motorized vehicle for recreational purposes (see, Hoffman v Joseph R. Wunderlich, Inc., 147 AD2d 807, 809-810, lv denied 74 NY2d 612; Gardner v Owasco Riv. Ry., 142 AD2d 61, 63, lv denied 74 NY2d 606). The road's primary use as an access road notwithstanding, its physical characteristics and prior use as described in the affidavits of Morrow and O'Neil demonstrate its suitability for public recreational use of ATVs (see, Iannotti v Consolidated Rail Corp., supra, at 46-47). Further, despite plaintiff's assertion to the contrary, Hubbard Pond Road, which is privately owned and maintained, is not a "highway" as defined by the Vehicle and Traffic Law (see, Vehicle and Traffic Law § 118). Thus, the prohibition contained in Vehicle and Traffic Law § 2403 (1) against highway ATV use is inapplicable here. Accordingly, we conclude that defendant is immune from liability under General Obligations Law § 9-103 and, in the absence of any claim by plaintiff of any willful or malicious failure to warn by defendant, summary judgment dismissing the complaint was properly granted in defendant's favor.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.