■ MARY T. McGREGOR, as Guardian of SCOTT E. WILSTADT, an Infant, Appellant, v MIDDLETOWN SCHOOL DISTRICT No. 1, Respondent.—Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered June 21, 1991 in Orange County, which granted defendant's motion for summary judgment dismissing the complaint.

We agree with Supreme Court that General Obligations Law § 9-103 applies here to insulate defendant from liability for injuries sustained by a five-year-old infant when, while riding a small, plastic toboggan or sled at defendant's school property on a weekend day, he collided with a handrailing located adjacent to the school building upon completion of a downhill ride. As we have previously noted, applicability of General Obligations Law § 9-103 in a given instance requires only that the injured party be pursuing one of the statutorily enumerated recreational activities at the time of injury and that the property where the injury occurred be of the character that the Legislature envisioned when enacting the statutory grant of immunity, namely, that it (1) is physically conducive to the activity at issue and (2) is of a type that is appropriate for public use in pursuing that activity as recreation *(see, e.g., Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43; *Reid v Kawasaki Motors Corp.,* 189 AD2d 954).

In our view, the evidence submitted by defendant in support of its motion for summary judgment satisfied its initial burden of proof and the opposing affidavit of plaintiff's attorney failed to raise any triable issues of fact warranting denial of the requested relief. It is uncontroverted that at the time of the accident the infant was engaged in tobogganing or sledding,

pursuits that expressly are included within the ambit of General Obligations Law § 9-103 (1) (a). We also agree with Supreme Court that the character of the property is conducive to this use. Plaintiff concedes that the property had been used for years by the general public for sliding, sledding and tobogganing. Moreover, viewing the summertime photograph of the area provided by plaintiff in her opposing papers, it is apparent that while located adjacent to the school building, this short hill with a sloping incline set in an area away from traffic has attributes that render it conducive to sledding and tobogganing by small children *(cf., Gruber v Fairport Cent. School Dist.,* 147 Misc 2d 545, *affd on opn below* 174 AD2d 1021, *lv denied* 78 NY2d 860). This is especially so given the property's location in an urban area. The only argument advanced by plaintiff in opposition to the motion was the bare, conclusory statement by plaintiff's attorney that the presence of the handrail near the bottom of this small hill rendered the property dangerous for sledding or tobogganing and, thus, unsuitable for these pursuits. However, it repeatedly has been recognized that the presence or absence of a dangerous condition is not the benchmark for determining suitability or appropriateness *(see, e.g., Wiggs v Panzer,* 187 AD2d 504; *Fenton v Consolidated Edison Co.,* 165 AD2d 121, 126, *lv denied* 78 NY2d 856).

Nor do we believe that Supreme Court erred in rejecting plaintiff's alternative request to deny the motion pending completion of discovery. The stated purpose for this request was not to adduce facts necessary to respond to the General Obligations Law § 9-103 issue, but rather to establish that defendant was negligent in failing to maintain the property. Inasmuch as the presence or absence of ordinary negligence on defendant's part has no bearing on the applicability of General Obligations Law § 9-103, and no claim was made in plaintiff's complaint that defendant's acts were willful or malicious, further discovery would not shed any additional light on this issue.

Plaintiff's final argument, that General Obligations Law § 9-103 does not apply here because the property in question was a "supervised municipal public school", is raised for the first time on appeal and thus is not preserved for review.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.