■■■ JAMES MOSCATO et al., Appellants, v FRONTIER DISTRIBUTING, INC., Respondent. [677 NYS2d 853] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover for injuries sustained by James Moscato (plaintiff) when his ATV struck a chain placed across the entrance to defendant's parking lot. At the time of the accident, plaintiff was riding toward trails along railroad tracks adjacent to defendant's property. Supreme Court properly granted the motion of defendant for summary judgment dismissing the complaint on the ground that it is immune from liability for negligence pursuant to General Obligations Law § 9-103 and denied the cross motion of plaintiffs for partial summary judgment on liability.

It is undisputed that plaintiff was engaged in one of the activities enumerated in section 9-103 when he was injured. Further, plaintiffs do not allege that defendant's conduct was willful or malicious (*see*, General Obligations Law § 9-103 [2] [a]). Thus, the only disputed issue is whether defendant's property was suitable for the recreational activity in which plaintiff was participating when the accident occurred (*see, Albright v Metz*, 88 NY2d 656, 662).

The court properly resolved that issue in defendant's favor. "Whether a parcel of land is suitable and the immunity available is a question of statutory interpretation, and is, therefore, a question of law for the Court" (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 552). Plaintiffs allege in their bill of particulars that the accident site "was a thoroughfare for dirt bikes and ATVs to access trails adjacent to [defendant's property]." That allegation is supported by evidence that plaintiff and his neighbors rode ATVs and motorbikes across defendant's property on hundreds of occasions prior to the accident. The evidence of such past recreational use for ATV and motorbike riding "clearly evinces that the property is physically conducive to that activity" (*Albright v Metz, supra*, at 662). The evidence further establishes that, despite its urban location and commercial use, the property is "appropriate for public use in pursuing the activity as recreation" (*Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45; *see, Albright v Metz, supra*, at 662; *cf., Pulis v T. H. Kinsella, Inc.*, 156 Misc 2d 499, *affd* 204 AD2d 976 *for reasons stated at Sup Ct*). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.