■ CARLA BRYANT, Appellant, v KEVIN SMITH et al., Defendants, and JAMES A. JAFFER et al., Respondents. [718 NYS2d 415] —Rose, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 8, 1999 in Ulster County, which, *inter alia*, granted a motion by defendants James A. Jaffer and Nancy C. Jaffer for summary judgment dismissing the complaint against them.

Plaintiff, a passenger on an all-terrain vehicle (hereinafter ATV), commenced this action to recover for injuries sustained when she was thrown to the ground while traveling across a two-acre parcel of land in Ulster County owned by defendants James A. Jaffer and Nancy C. Jaffer (hereinafter collectively referred to as defendants). Defendants moved for summary judgment on the ground that they are immune from liability under General Obligations Law § 9-103. Supreme Court granted the motion and plaintiff appeals.

General Obligations Law § 9-103 immunizes a landowner from liability " 'when (1) the plaintiff is engaged in one of the activities identified in section 9-103 and (2) the plaintiff is recreating on land suitable for that activity' " (*Albright v Metz*, 88 NY2d 656, 662, quoting *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551-552; *see, Matter of McCarthy v New York State Canal Corp.*, 244 AD2d 57, 60, *lv denied* 92 NY2d 815). Suitability is a question of law for the court (*see, Bragg v Genesee County Agric. Socy., supra*, at 552), and requires a determination of whether the land is physically conducive to the particular activity and " 'is also a type which would be appropriate for public use in pursuing the activity as recreation' " (*Albright v Metz, supra*, at 662, quoting *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45).

Plaintiff here concedes that ATV riding is a recreational use within the scope of the statute and that defendants' land, which James Jaffer described as vacant, level and grassy, was physically conducive to such use. In response to defendants' motion, plaintiff submitted only an affirmation of her counsel alleging that the adjoining land uses were a public street, an elementary school, a restaurant and residential homes. Aside from this cursory description of the surrounding uses, plaintiff offers no evidence of any specific characteristic or factor indicating inappropriateness, arguing instead that the statute should be read restrictively to apply only to land located in remote, undeveloped areas, a construction expressly rejected in *Iannotti v Consolidated Rail Corp.* (*supra*, at 44, n 3). Thus, the only

dispute is whether, given its character and surroundings, the land was appropriate for the recreational use of ATV riding.

We note that in similar cases interpreting the applicability of General Obligations Law § 9-103 to parcels of land being used by small motorized vehicles, courts have found the land to be appropriate regardless of whether it was used for commercial purposes or whether the land was located in a rural area (*see, Albright v Metz*, 88 NY2d 656, *supra*; *Bragg v Genesee County Agric. Socy.*, 88 NY2d 544, *supra*; *Iannotti v Consolidated Rail Corp.*, *supra*; *see also, Moscato v Frontier Distrib.*, 254 AD2d 802, 803). Thus, the physical characteristics of the land described by James Jaffer provided prima facie support for the determination that it was both conducive and appropriate for recreational ATV riding, and plaintiff's allegations are insufficient to raise a question of fact on this issue. Accordingly, Supreme Court correctly determined that defendants were entitled to summary judgment.

Mercure, J. P., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.