Appeal and cross appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered September 17, 2003, which, inter alia, granted that part of plaintiffs’ motion seeldng sanctions for spoliation of evidence by defendants National Rail Passenger Corporation and Consolidated Rail Corporation.
*1000 It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by the infant plaintiffs, Brad Lee Hulett (Hulett) and Richard J. Rowe, Jr. (Rowe), when they were both struck by a train operated by defendant National Rail Passenger Corporation (Amtrak) and Hulett was thrown against an adjacent train operated by defendant Consolidated Rail Corporation (Conrail) (collectively, railroad defendants). Prior to the accident, the infant plaintiffs were riding their bicycles on paths and access roads on property owned by defendant Niagara Mohawk Power Corporation (NiMo) that was adjacent to the railroad tracks. When they reached the railroad tracks, the two boys got off of their bicycles and walked them across the tracks, intending to continue riding on paths on the far side of the tracks. However, Hulett remembered that he had left money on the other side of the tracks, and so the boys left their bicycles near some bushes and attempted to cross the tracks again. At that point, however, a slow-moving Conrail train was headed westbound on one of the tracks, and so the infant plaintiffs stopped on another track to wait for the train to pass. As he walked west about 25 to 30 yards away from Hulett, Rowe heard a horn and saw an eastbound Amtrak train heading toward them. Rowe ran towards Hulett and yelled to warn him, but did not reach him in time. The Amtrak train struck both Rowe and Hulett and propelled Hulett into the adjacent Conrail train.
Supreme Court properly granted the motion of NiMo for summary judgment dismissing the amended complaint and cross claims against it. NiMo, as owner of property adjoining the property where the incident occurred, did not owe any duty of care to plaintiffs. Generally, “an owner or occupier of abutting property owes no duty to warn or protect others from a defective or dangerous condition on neighboring property unless the owner of the abutting property causes or contributes to that condition” (Badou v New Jersey Tr. Rail Operations, 221 AD2d 303, 304 [1995]). The cases cited by plaintiffs in opposition to NiMo’s motion are distinguishable. In both Scurti v City of New York (40 NY2d 433 [1976]) and Leone v City of Utica (66 AD2d 463, 465-467 [1979], affd 49 NY2d 811 [1980]), the defendants had erected playgrounds on the property at issue. In this case, by contrast, NiMo did not erect anything that would encourage children to enter its property. In fact, it had affirmatively attempted to keep children off the property.
The court also properly granted that part of the cross motion *1001 of the railroad defendants for summary judgment dismissing the second cause of action, which asserts that the railroad defendants were negligent for failing to prevent access to their property. General Obligations Law § 9-103 (1) (a) provides that “an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others for . . . bicycle riding . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes.” The statute applies when “(1) the plaintiff is engaged in one of the activities identified in section 9-103 and (2) the plaintiff is recreating on land suitable for that activity” (Bragg v Genesee County Agric. Socy., 84 NY2d 544, 551-552 [1994]). Plaintiffs first contend that the statute does not apply because the infant plaintiffs were not actually riding their bicycles at the time of the accident. We conclude, however, that, under the circumstances of this case, the activity that the infant plaintiffs were engaged in at the time they were injured, i.e., walking across the tracks, was “sufficiently related” to their bicycle riding that the court properly concluded that they were engaged in a covered activity at the time of the accident (Sega v State of New York, 60 NY2d 183, 193 [1983], rearg denied 61 NY2d 670 [1983]).
We also reject plaintiffs’ contention that the property of the railroad defendants was not suitable for bicycle riding. “Whether a parcel of land is suitable and the immunity available is a question of statutory interpretation, and is, therefore, a question of law for the Court” (Bragg, 84 NY2d at 552; see Moscato v Frontier Distrib., 254 AD2d 802, 803 [1998], lv denied 92 NY2d 817 [1998]). In determining whether property is suitable for the covered activity, the court must examine whether it is a “type of property which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation” (Iannotti v Consolidated Rail Corp., 74 NY2d 39, 45 [1989]; see Albright v Metz, 88 NY2d 656, 662 [1996]). In this case, plaintiffs themselves alleged in their amended verified complaint that the property was “widely used as biking trails.” The infant plaintiffs admitted that they had ridden their bicycles on the railroad defendants’ property on a prior occasion, and had seen other people riding bicycles on the property as well. Based on that evidence of past recreational use, the court properly concluded that the property is suitable for bicycle riding (see Albright, 88 NY2d at 662; Iannotti, 74 NY2d at 46-47; Moscato, 254 AD2d at 803; Obenauer v Broome County Beaver Lake Cottagers Assn., 170 AD2d 739, 741 [1991]).
The court also properly denied that part of the cross motion *1002 of the railroad defendants for summary judgment dismissing the third cause of action, which asserts that the railroad defendants were negligent in failing to observe the infant plaintiffs and/or to properly warn them that the trains were approaching. That cause of action “is not premised upon any condition on the property . . . [and] is instead based on the allegedly improper conduct of the [Railroad] defendants’ employee [s] in operating the train[s],” and thus General Obligations Law § 9-103 is not applicable to that cause of action (Lee v Long Island R.R., 204 AD2d 280, 282 [1994]). Although the railroad defendants submitted evidence establishing that the horn on the Amtrak train sounded, they failed to submit any evidence establishing that the bell on the Amtrak train also sounded.
With respect to that part of plaintiffs’ motion seeking sanctions for the railroad defendants’ spoliation of evidence, the court properly determined that the railroad defendants spoliated evidence by failing to preserve dispatcher’s records and Pulse Data and Barco cartridges from the Conrail trains, and audio tapes (which contained missing and inaudible portions). Contrary to the contention of the railroad defendants, their failure to preserve the Pulse Data and Barco cartridges from the Conrail trains was not pursuant to normal business practices and thus the court properly sanctioned the railroad defendants for discarding them (cf. Raymond v State of New York, 294 AD2d 854, 855 [2002]; Conderman v Rochester Gas & Elec. Corp., 262 AD2d 1068, 1070 [1999]). Contrary to the contentions of both plaintiffs and the railroad defendants, the court did not abuse its discretion in determining that the proper sanctions for the railroad defendants’ spoliation of evidence are a missing evidence charge and preclusion of the railroad defendants from using the audible portions of the audio tapes at trial.
Contrary to plaintiffs’ contention, the court did not abuse its discretion in granting the railroad defendants’ motion for reconsideration with respect to the spoliation of other evidence, made after the court issued its decision but prior to issuance of an order thereon. By its original decision, the court determined that the railroad defendants were guilty of spoliation of evidence with respect to a Pulse Data cartridge that was removed from the Amtrak train. Although the cartridge was preserved, the railroad defendants had maintained that it was blank. By their motion for reconsideration, the railroad defendants presented new evidence that the Pulse Data cartridge actually had readable data on it. The railroad defendants explained that they had only recently retained an expert in anticipation of trial to explain why the cartridge was blank, and upon his examination *1003 of the cartridge, he discovered that it in fact had data on it. The expert further explained that the reason a prior railroad employee had said that the cartridge was blank was that the employee used a faulty reading machine. Thus, the railroad defendants established that they did not lose or destroy the Pulse Data cartridge from the Amtrak train, and the court properly reconsidered its prior decision and allowed the railroad defendants to use the readable data from that cartridge at trial. “A court has the inherent power, sua sponte or on motion of a party, to reconsider and vacate its prior decision before issuing an order thereon” (Scritchfield v Perry, 245 AD2d 1054, 1054 [1997]; see Burns v Haines Equip., 284 AD2d 922 [2001]). Because an order was not yet issued, the requirements of CPLR 2221 with respect to motions affecting a prior order are not applicable (see Vinciguerra v Jameson, 153 AD2d 452, 454 [1990]; Levinger v General Motors Corp., 122 AD2d 419, 420 [1986]).
We have considered the parties’ remaining contentions and conclude that they are without merit. Present — Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.