MICHAEL RIVERA, Respondent, v GLEN OAKS VILLAGE OWN-ERS, INC., Appellant. [839 NYS2d 183]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Polizzi, J.), entered September 6, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On March 7, 2002 the plaintiff and two of his friends went bicycling. As they rode along 261st Street at the intersection of 72nd Road in Queens County, the two friends, with the plaintiff following them, turned off the road and onto a dirt trail located in a two-acre wooded area, which was part of a large residential cooperative community. The trail was approximately 500 feet long and 10 feet wide, and, as the plaintiff described it, "bumpy." After traveling about 30 to 40 feet on the trail, the plaintiff came upon a hole in the ground, approximately two feet wide and three feet deep. Unable to avoid the hole, the front wheel of the plaintiff's bicycle went into the hole, causing him to be thrown over the bicycle's handlebars and into the hole. The plaintiff saw the hole "maybe a second" before he fell into it. As a result of his fall, the plaintiff was injured.

General Obligations Law § 9-103, commonly referred to as the "recreational use statute," provides that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others for," among other things, "bicycle riding . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such [a] purpose." The "sole purpose" of the statute is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities," such as bicycle riding (*Ferres v City of New Rochelle,* 68 NY2d 446, 451 [1986]). Thus, in return for opening up their lands for public use, property owners are provided immunity from liability (*see Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43 [1989]). The rationale for the statute is that "outdoor recreation is good; New Yorkers need suitable places to engage in outdoor recreation; [and] more places will be made available if property owners do not have to worry about liability when recreationists come onto their land" (*Bragg v Genesee County Agric. Socy.,* 84 NY2d 544, 550 [1994]). The statute applies when (1) the plaintiff is engaged in one of the activities identified in General Obligations Law § 9-103 and (2) the plaintiff is recreating on land suitable for that activity (*see Albright v Metz,* 88 NY2d 656, 662 [1996]; *Bragg v Genesee County Agric. Socy., supra* at 551-552).

Here, it is undisputed that the plaintiff was engaged in bicycle riding, an activity included within General Obligations Law § 9-103, when he was injured. Thus, the first prong of the test is satisfied. The second prong of the test is satisfied when the property is the type "which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation" (*Albright v Metz, supra* at 662 [internal quotation marks omitted]; *see Iannotti v Consolidated Rail Corp., supra* at 45). The suitability test "is a question of statutory interpretation, and is, therefore, a question of law for the Court" (*Bragg v Genesee County Agric. Socy., supra* at 552; *Hulett v Niagara Mohawk Power Corp.,* 1 AD3d 999, 1001 [2003]).

Here, a dirt trail, measuring 500 feet long and 10 feet wide, located within a wooded area that is undeveloped and has not been designated for any other use is appropriate for bicycle riding particularly in a large urban setting where open space is limited (*see Bragg v Genesee County Agric. Socy., supra* at 550; *Bryant v Smith,* 278 AD2d 576, 577 [2000]; *McGregor v Middletown School Dist. No. 1,* 190 AD2d 923, 924 [1993]; *Wiggs v Panzer,* 187 AD2d 504, 505 [1992]; *Jacobs v Northeastern*

*Indus. Park,* 181 AD2d 720, 721-722 [1992]; *Obenauer v Broome County Beaver Lake Cottagers Assn.,* 170 AD2d 739, 741 [1991]).

"A substantial indicator that property is physically conducive to the particular activity is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it" (*Albright v Metz, supra* at 662 [internal quotation marks omitted]). In support of its motion for summary judgment dismissing the complaint, the defendant submitted affidavits from three residents attesting that they had observed bicyclists use the dirt trail prior to the plaintiff's accident. However, the Supreme Court refused to consider these affidavits on the ground that the defendant had failed to disclose the affiants' identities pursuant to the plaintiff's demand that he be provided the names and addresses of all "notice" and "occurrence" witnesses. While these three affiants were only witnesses to prior use of the path, they were analogous to "notice" witnesses. Further, they possessed information "material and necessary" to the "prosecution or defense of the action," that is, whether there had been prior use of the dirt trail by bicyclists, which, if established, would entitle the defendant to immunity (*see* CPLR 3101 [a]; *Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248, 250 [1973]). In accordance with the liberal policy underlying CPLR 3101, the defendant should have disclosed the identities of these witnesses (*see Zellman v Metropolitan Transp. Auth., supra* at 251; *Zayas v Morales,* 45 AD2d 610, 613 [1974]). Accordingly, it was not an improvident exercise of discretion for the Supreme Court to refuse to consider these affidavits (*see Andujar v Benenson Inv. Co.,* 299 AD2d 503 [2002]).

In any event, the use of the trail by the plaintiff's friends on the day in question, along with its physical characteristics, established that it was physically conducive for bicycling (*see Bryant v Smith, supra* at 576-577; *Fenton v Consolidated Edison Co. of N.Y.,* 165 AD2d 121, 127-128 [1991]). A dirt trail is the "sort" of property "which the Legislature would have envisioned as being opened up to the public for [bicycling] as a result of the inducement offered in the statute" (*Iannotti v Consolidated Rail Corp., supra* at 45).

The plaintiff's contention that the dirt trail was unsuitable for bicycling because of the presence of large holes, mounds of dirt, and other allegedly dangerous conditions is without merit. " '[T]he presence or absence of a dangerous condition is not the benchmark for determining suitability' " (*Hinchliffe v Orange & Rockland Utils. Co.,* 216 AD2d 528, 529 [1995], quoting *Mc-*

*Gregor v Middletown School Dist. No. 1, supra* at 924; *see Fenton v Consolidated Edison Co. of N.Y., supra* at 126; *Iannotti v Consolidated Rail Corp., supra* at 49 [Wachtler, Ch. J., concurring]; *Wiggs v Panzer, supra* at 505). Nor does the presence of the dirt trail in a large private residential cooperative community render it unsuitable for bicycling, as the "recreational use statute" has been applied "liberally" to "public and private land . . . , to rural or urban property, whether developed or undeveloped" (*Bragg v Genesee County Agric. Socy, supra* at 548; *see Iannotti v Consolidated Rail Corp., supra* at 44-45). Accordingly, the defendant is entitled to immunity pursuant to General Obligations Law § 9-103.

Alternatively, the defendant's motion for summary judgment dismissing the complaint should have been granted under the doctrine of primary assumption of risk. By engaging in a sport or recreational activity, a participant consents to those commonly-appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see Turcotte v Fell,* 68 NY2d 432, 439 [1986]; *Morgan v State of New York,* 90 NY2d 471, 484-486 [1997]; *Maddox v City of New York,* 66 NY2d 270, 277-278 [1985]; *Schiavone v Brinewood Rod & Gun Club,* 283 AD2d 234, 236 [2001]). A landowner owes " 'a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty' " (*Morgan v State of New York, supra* at 484, quoting *Turcotte v Fell, supra* at 439). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York, supra* at 278). However, while knowledge of the risk plays a role in determining the extent of the threshold duty of the care, "inherency is the sine qua non" (*Morgan v State of New York, supra* at 484; *see Weller v Colleges of the Senecas,* 217 AD2d 280, 283 [1995]; *Lamey v Foley,* 188 AD2d 157, 164 [1993]).

Applying these principles to the matter at hand, the defendant established that the plaintiff was an experienced bicyclist as evidenced by the fact that he rode his bicycle two or three times a week, carried a "patch kit" in case he suffered a flat tire, and sometimes rode the bicycle far from his home. "[T]he risk of striking a hole and falling is an inherent risk in riding a bicycle on most outdoor surfaces" (*Goldberg v Town of Hempstead,* 289 AD2d 198 [2001]), and the plaintiff assumed that risk

when he rode his bicycle on a dirt trail (*see Sedita v City of New York,* 8 AD3d 256, 257 [2004]; *Dobert v State of New York,* 8 AD3d 873, 874 [2004]; *Furgang v Club Med,* 299 AD2d 162 [2002]; *Schiavone v Brinewood Rod & Gun Club, supra* at 236-237; *Calise v City of New York,* 239 AD2d 378, 379 [1997]). As such, the defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law under the doctrine of primary assumption of risk. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant concealed the hole or unreasonably increased the risk of falling into it (*see Morgan v State of New York, supra* at 485; *Sanchez v City of New York,* 25 AD3d 776, 777 [2006]; *Braun v Davos Resort,* 241 AD2d 533, 534 [1997]). The affidavit from one of the plaintiff's friends presented only a feigned issue of fact designed to avoid the consequences of the plaintiff's deposition testimony in which he stated that there was no mound of dirt in front of the hole or debris concealing it (*see Stancil v Supermarkets Gen.,* 16 AD3d 402, 403 [2005]; *Rodriguez v New York City Hous. Auth.,* 304 AD2d 468, 469 [2003]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Rivera, J.P., Skelos, Lifson and Balkin, JJ., concur.