# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**726**
**CA 14-01658**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

JACQUELYN J. SASSO, INDIVIDUALLY AND AS
PARENT/NATURAL GUARDIAN OF JOSHUA SASSO-KANE,
PLAINTIFF-RESPONDENT,

                    V                                  MEMORANDUM AND ORDER

WCA HOSPITAL, DEFENDANT-APPELLANT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (KARA M. ADDELMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered May 7, 2014 in a personal injury
action. The order denied the motion of defendant for leave to amend
its answer and for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover for
injuries sustained by her son when his bicycle struck a depressed area
on defendant's property. At the time of the accident, plaintiff's son
was riding his bicycle back from school through defendant's parking
lot. Defendant moved for leave to amend its answer to assert an
affirmative defense based on the recreational use statute, i.e.,
General Obligations Law § 9-103, and for summary judgment dismissing
the complaint pursuant to that statute and on the ground of assumption
of the risk. Supreme Court denied the motion. We affirm.

The court properly denied that part of defendant's motion seeking
leave to amend the answer to assert the recreational use statute as an
affirmative defense. "It is well established that [l]eave to amend a
pleading should be freely granted in the absence of prejudice to the
nonmoving party where the amendment is not patently lacking in merit"
(*Williams v New York Cent. Mut. Fire Ins. Co.* [appeal No. 2], 108 AD3d
1112, 1114 [internal quotation marks omitted]; *see Landers v CSX
Transp., Inc.*, 70 AD3d 1326, 1327). We conclude that the court
properly determined that defendant's proposed amendment patently lacks
merit inasmuch as the recreational use statute does not apply to the
facts of this case as a matter of law. It is undisputed that
plaintiff's son was engaged in one of the recreational activities

enumerated in section 9-103, i.e., bicycle riding, when he was injured. To establish applicability of the statute, however, defendant was also required to show that its property "was suitable for the recreational activity in which plaintiff['s son] was participating when the accident occurred" (*Moscato v Frontier Distrib.*, 254 AD2d 802, 803, *lv denied* 92 NY2d 817). "Whether a parcel of land is suitable and the immunity [of the recreational use statute] available is a question of statutory interpretation, and is, therefore, a question of law for the Court" (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 552; *see Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1001). Suitability is established by showing that the subject property is " '(1) physically conducive to the activity at issue, and (2) of a type that is appropriate for public use in pursuing that activity as recreation' " (*Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288, *lv denied* 2 NY3d 704). "A substantial indicator that the property is physically conducive to the particular activity is whether recreationists have used the property for that activity in the past; such past use by participants in the [activity] manifests the fact that the property is physically conducive to it" (*id.* [internal quotation marks omitted]). Here, defendant failed to submit any evidence that the property had been used in the past by "recreationists" for bicycle riding. Moreover, under the circumstances of this case, we conclude that the subject property is not appropriate for public use in pursuing bicycle riding as a recreational activity (*see Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45). Indeed, the Court of Appeals has made clear that recreational use immunity should apply only to property that "the Legislature would have envisioned as being opened up to the public for recreational activities" (*id.*). Here, defendant failed to establish that its employee parking lot comes within the purview of that standard.

Contrary to defendant's final contention, the court properly denied that part of its motion seeking summary judgment dismissing the complaint on the ground of assumption of the risk. As stated by the Court of Appeals, the "application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (*Custodi v Town of Amherst*, 20 NY3d 83, 89). Here, plaintiff's son was not engaging in an activity or event sponsored or supported by defendant, nor was he operating his bicycle at a designated venue (*see id.*). Rather, he was simply using his bicycle to return home from school, and thus the court properly concluded that assumption of the risk does not apply.

Defendant's remaining contention is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).


Entered:  July 10, 2015                    Frances E. Cafarell
                                           Clerk of the Court