Wheeler v Gibbons (2021 NY Slip Op 04323)





Wheeler v Gibbons


2021 NY Slip Op 04323


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1166 CA 20-00495

[*1]BILLIE JOE WHEELER, PLAINTIFF-RESPONDENT,
v
AARON P. GIBBONS, ET AL., DEFENDANTS, AND LARRY G. PEARSALL, DEFENDANT-APPELLANT. 






SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (RYAN J. MILLS OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered January 15, 2020. The order denied the motion of defendant Larry G. Pearsall for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed against defendant Larry G. Pearsall.
Memorandum: Plaintiff commenced this premises liability action to recover for injuries she sustained while riding an all-terrain vehicle (ATV) across land owned and used as a vineyard by Larry G. Pearsall (defendant). On the night in question, plaintiff was thrown from the ATV when it fell into a five-foot-deep culvert in the vineyard after the driver missed the grassy 12-foot-long crossing (bridge) that spanned the culvert. Defendant moved for summary judgment dismissing the complaint against him on the ground that he was immune from liability pursuant to General Obligations Law § 9-103. Supreme Court denied the motion, and defendant appeals. We reverse.
In determining whether defendant is entitled to immunity under General Obligations Law § 9-103, the sole issue before us is whether the vineyard where the bridge was located was "suitable" for recreational use (see generally Cummings v Manville, 153 AD3d 58, 60-61 [4th Dept 2017], lv dismissed 30 NY3d 959 [2017]). Case law has imposed the suitability requirement to limit the reach of section 9-103 to situations in which its public purpose would be served (see Bragg v Genesee County Agric. Socy., 84 NY2d 544, 550-551 [1994]; Morales v Coram Materials Corp., 51 AD3d 86, 91 [2d Dept 2008]). In that regard, the Court of Appeals has noted that "[t]he premise underlying section 9-103 is simple enough: outdoor recreation is good; New Yorkers need suitable places to engage in outdoor recreation; more places will be made available if property owners do not have to worry about liability when recreationists come onto their land" (Bragg, 84 NY2d at 550).
To determine the suitability of a property for a recreational use, a court must ascertain whether the premises are the type of property that is both physically conducive to the particular activity or sport and appropriate for public use in pursuing the activity as recreation (see Albright v Metz, 88 NY2d 656, 662 [1996]; Iannotti v Consolidated Rail Corp., 74 NY2d 39, 45 [1989]). "A substantial indicator that property is 'physically conducive to the particular activity' is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it" (Albright, 88 NY2d at 662, quoting Iannotti, 74 NY2d at 46-47).
Here, "defendant, as the party seeking summary judgment, ha[d] the burden of [*2]establishing as a matter of law that he is immune from liability pursuant to the statute" (Cummings, 153 AD3d at 60). We conclude that defendant met his initial burden on the motion of establishing that the site where the accident occurred was suitable for recreational use (see Iannotti, 74 NY2d at 46-47; Cummings, 153 AD3d at 60-61). The evidence defendant submitted on the motion showed that the vineyard's dirt and grass-covered roads, as well as the bridge where the accident occurred, were physically conducive to ATV riding. Additionally, defendant established that the vineyard's roads and the bridge were appropriate for public use for recreational ATV riding based on the uncontradicted testimony of defendant Aaron P. Gibbons, an adjoining property owner, that, over a significant period of time, he and his wife had frequently driven ATVs on the vineyard's roads and the bridge and had often observed others doing the same. Defendant's testimony that he observed only one other ATV rider in the vineyard is not dispositive because, unlike the Gibbonses, he did not live near the vineyard.
We reject plaintiff's argument that our decision in Cummings compels denial of defendant's motion. Plaintiff equates the bridge in this case to the private road at issue in Cummings, in which we concluded that the defendant did not meet his burden of showing that the road was suitable for recreational use (153 AD3d at 63-64). The nature and use of the road in Cummings, however, was very different from that of the bridge at issue here. Specifically, the road in Cummings was used by three homes as their sole access to the public roadway. It was also used for residential purposes, including access by school buses. Further, in Cummings, a resident of one of the homes served by the road submitted an affidavit establishing that, in the 14 years he lived there, the only person he saw using an ATV on the road was the defendant in that action (153 AD3d at 63). Here, in contrast, defendant submitted evidence that the bridge was located in the vineyard and was not used merely as a means of access. He also showed that the bridge and the surrounding area had, over the course of almost two decades, been frequently used for recreation with ATVs.
Plaintiff argues that General Obligations Law § 9-103 applies only to "undeveloped land" and therefore, because the premises were used for farming and commercial purposes, they cannot be considered suitable for recreational use. We reject plaintiff's argument because Cummings does not hold that premises can have only one categorization (see 153 AD3d at 62-64). Indeed, the Court of Appeals has expressly rejected such an approach and, therefore, we conclude that the premises here may both support commercial and farming activities and be suitable for recreational use, entitling a defendant to immunity under section 9-103 (see Iannotti, 74 NY2d at 42-44).
Inasmuch as plaintiff did not raise a triable issue of material fact with respect to the suitability requirement, we reverse the order, grant defendant's motion, and dismiss the complaint against him (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court