Delaney v Syracuse Univ. (2024 NY Slip Op 00731)

Delaney v Syracuse Univ.

2024 NY Slip Op 00731

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, AND NOWAK, JJ.

1071 CA 23-01061

[*1]JOHN G. DELANEY, PLAINTIFF-APPELLANT,
v
SYRACUSE UNIVERSITY, DEFENDANT-RESPONDENT. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered June 7, 2023. The order granted the motion of defendant to dismiss the amended complaint and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.
Memorandum: Plaintiff commenced this action to recover for injuries he allegedly sustained when he fell from his motorized bicycle while riding on a defective sidewalk on the campus of defendant, Syracuse University. At the time of the accident, plaintiff was traveling from his home off campus to a destination outside of the campus. In lieu of answering, defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), asserting that General Obligations Law § 9-103, i.e., the recreational use statute, applied and that plaintiff failed to allege that defendant willfully or maliciously failed to guard against or warn of the dangerous condition, as required to state a cause of action against a landowner who is immune from liability for ordinary negligence under the recreational use statute. Supreme Court granted the motion. Plaintiff appeals, and we reverse.
As relevant here, General Obligations Law § 9-103 (1) (a) provides that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others for . . . bicycle riding . . . or to give warning of any hazardous condition . . . on such premises to persons entering for such purposes." The statute was enacted to "induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities" (Ferres v City of New Rochelle, 68 NY2d 446, 451 [1986]). The rationale for the statute is that "outdoor recreation is good; New Yorkers need suitable places to engage in outdoor recreation; [and] more places will be made available if property owners do not have to worry about liability when recreationists come onto their land" (Bragg v Genesee County Agric. Socy., 84 NY2d 544, 550 [1994]; see Cummings v Manville, 153 AD3d 58, 60 [4th Dept 2017], appeal dismissed 30 NY3d 959 [2017]). The statute applies when two conditions are met: (1) the plaintiff is engaged in one of the activities identified in section 9-103 and (2) the plaintiff is recreating on land suitable for that activity (see Albright v Metz, 88 NY2d 656, 662 [1996]).
Here, there is no dispute that plaintiff was engaged in the statutorily enumerated activity of bicycle riding (see Sasso v WCA Hosp., 130 AD3d 1546, 1547 [4th Dept 2015]). We agree with plaintiff, however, that the court erred in concluding that the sidewalk was suitable for the recreational use of bike riding (see Albright, 88 NY2d at 662). In evaluating the suitability of a property for a particular activity, courts look to whether the premises is the "type of property which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation" (Iannotti v [*2]Consolidated Rail Corp., 74 NY2d 39, 45 [1989]). Accepting the allegations in the amended complaint as true, as we must (see Pottorff v Centra Fin. Group, Inc., 192 AD3d 1552, 1553 [4th Dept 2021]), we conclude that plaintiff sufficiently alleged that the sidewalk at issue was not appropriate for public use in pursuing the recreational activity of bike riding. Plaintiff alleged that the sidewalk area where he fell was not designated by defendant for bike riding and was situated along a busy campus roadway near the front entrance of an academic building containing classrooms and offices. Such a property is not appropriate for public use in pursuing bicycle riding as a recreational activity (see Sasso, 130 AD3d at 1547-1548; see also F.M. v North Merrick Union Free Sch. Dist., 68 Misc 3d 1209[A], 2020 NY Slip Op 50895[U], *4 [Sup Ct, Nassau County 2020]; Diaz v New York City Hous. Auth., 159 Misc 2d 72, 75 [Sup Ct, Kings County 1993]). Inasmuch as the recreational use statute does not apply here, the court erred in granting the motion.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court